## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANAND RAMNATH, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>        v.<br><br>QUDIAN INC., MIN LUO, CHAO ZHU, LI DU, SHILEI LI, YI CAO, LIANZHU LV, CARL YEUNG, DIANA ARIAS, MORGAN STANLEY & CO. INTERNATIONAL PLC, CREDIT SUISSE SECURITIES (USA) LLC, CITIGROUP GLOBAL MARKETS INC., CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, UBS SECURITIES LLC, STIFEL, NICOLAUS AND COMPANY, INCORPORATED, NEEDHAM & COMPANY, LLC, and NOMURA SECURITIES INTERNATIONAL, INC.,<br><br>        Defendants. | Case No. 1:17-cv-9741<br><br>**SECURITIES CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

The allegations in this Securities Class Action Complaint ("Complaint")[1] are based on the personal knowledge of Anand Ramnath ("Plaintiff"), as to Plaintiff's own acts, and are based upon information and belief as to all other matters alleged herein. Plaintiff's information and belief is based upon the investigation by Plaintiff's counsel into the facts and circumstances alleged herein, including: (i) review and analysis of public filings Qudian Inc. ("Qudian" or the "Company") made with the United States Securities and Exchange Commission ("SEC"); (ii)

---

[1] All internal citations and quotations are omitted and all emphases are added unless otherwise noted.

1

review and analysis of press releases, analyst reports, public statements, news articles, and other publications disseminated by or concerning Qudian, the Underwriter Defendants, and the other Individual Defendants named herein (together with Qudian, the "Defendants"); (iii) review and analysis of Company conference calls, press conferences, and related statements and materials; and (iv) review and analysis of other relevant documents.  Many additional facts supporting the allegations are known only to Defendants and/or are within their exclusive custody or control. Plaintiff believes that additional evidentiary support for the allegations will emerge after a reasonable opportunity to conduct discovery.

## NATURE OF THE ACTION

1.      Subject to certain exclusions, Plaintiff brings this federal securities class action on behalf of a class consisting of all persons and entities who purchased Qudian's American Depository Shares ("ADSs") each representing one Class A ordinary share pursuant and/or traceable to Qudian's false and misleading Registration Statement, which were issued in connection with the Company's initial public offering on or about October 18, 2017 ("IPO"), seeking to recover damages caused by Defendants' violations of the Securities Act of 1933 (the "Securities Act").

## JURISDICTION AND VENUE

2.      This action arises under and pursuant to Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k and 77o, respectively).

3.      This Court has jurisdiction over this action pursuant to Section 22 of the Securities Act (15 U.S.C. § 77v) and 28 U.S.C. § 1331.

4.      Venue is proper in this District pursuant to Section 22 of the Securities Act (15 U.S.C. § 77v) and 28 U.S.C. § 1391(b), as certain of the acts and conduct complained of herein,

such as the trading of the ADSs on the New York Stock Exchange ("NYSE"), occurred in this District.

5.       In connection with the acts alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications, the Internet, and the facilities of the national securities markets.

## THE PARTIES

### A.    The Plaintiff

6.       As shown in the attached certification, Plaintiff purchased Qudian ADSs pursuant to and/or traceable to the untrue and misleading Registration Statement for the IPO, and was damaged thereby.

### B.    The Defendants

#### 1.       The Company

7.       Defendant Qudian is a Cayman Islands corporation, with its principal executive offices located at 15/F Lvge Industrial Building, 1 Datun, Chaoyang District, Beijing 100012, People's Republic of China.

#### 2.       The Individual Defendants

8.       Defendant Min Luo, was at the time of the IPO, the Company's chairman of the board, and chief executive officer, and is Qudian's founder.

9.       Defendant Chao Zhu was at the time of the IPO a Company director.

10.      Defendant Li Du was at the time of the IPO a Company director.

11.      Defendant Shilei Li was at the time of the IPO a Company director.

12.      Defendant Yi Cao was at the time of the IPO a Company director.

13.      Defendant Lianzhu Lv was at the time of the IPO a Company director.

14.     Defendant Carl Yeung was at the time of the IPO the Company's chief financial officer.

15.     Defendant Diana Arias was at the time of the IPO the Company's Senior Manager.

16.     The defendants referenced above in ¶¶8-15 are referred to herein as the "Individual Defendants."  The Individual Defendants are executives and/or directors of Qudian, and each of them signed the Registration Statement.

### 3.     The Underwriter Defendants

17.     Defendant Morgan Stanley & Co. International plc ("Morgan Stanley") acted as an underwriter of the IPO.  Morgan Stanley has offices located at 25 Cabot Square, Canary Wharf, London E14 4QA, United Kingdom.

18.     Defendant Credit Suisse Securities (USA) LLC ("Credit Suisse") acted as an underwriter of the IPO.  Credit Suisse has offices located at Eleven Madison Avenue, New York, New York 10010.

19.     Defendant Citigroup Global Markets Inc. ("Citigroup") acted as an underwriter of the IPO.  Citigroup has offices located at 388 Greenwich Street, New York, New York 10013.

20.     Defendant China International Capital Corporation Hong Kong Securities Limited ("China International") acted as an underwriter of the IPO.  China International has offices located at 29/F, One International Finance Centre, 1 Harbour View Street, Central, Hong Kong.

21.     Defendant UBS Securities LLC ("UBS") acted as an underwriter of the IPO. UBS has offices located at 1285 Avenue of the Americas, New York, New York 10019.

22.     Defendant Stifel, Nicolaus and Company, Incorporated ("Stifel") acted as an underwriter of the IPO.  Stifel has offices located at One Montgomery Street, 37th Floor, San Francisco, California 94104.

23.     Defendant Needham & Company, LLC ("Needham") acted as an underwriter of the IPO.  Needham has offices located at 445 Park Avenue, New York, New York 10022.

24.     Defendant Nomura Securities International, Inc. ("Nomura") acted as an underwriter of the IPO.  Nomura has offices located at Worldwide Plaza, 309 West 49th Street, New York, New York 10019-7316.

25.     The defendants referenced in ¶¶17-24 above are referred to herein as the "Underwriter Defendants."

26.     The Company, the Individual Defendants, and the Underwriter Defendants are collectively referred to herein as the "Defendants."

27.     Pursuant to Section 11 of the Securities Act, the Underwriter Defendants are liable for the false and misleading statements in the Registration Statement.  The Underwriter Defendants assisted Qudian and the Individual Defendants in planning the IPO and purportedly conducted an adequate and reasonable due diligence investigation into the business and operations of Qudian.  As part of their due diligence investigation, the Underwriter Defendants had continuous access to confidential corporate information concerning Qudian's business and financing practices, and met with Qudian's lawyers, management, and top executives.  As a result, a reasonable due diligence investigation would have revealed the misleading statements and omissions contained in the Registration Statement, as detailed herein.

28.     The Underwriter Defendants caused the Registration Statement to be filed with the SEC and declared effective in connection with offers and sales thereof, including to Plaintiff and other members of the Class who purchased ADSs traceable to the Registration Statement, after having failed to disclose the misleading statements and omissions in the Registration Statement.

**SUBSTANTIVE ALLEGATIONS**

29.     Qudian is a Chinese provider of online micro-lending credit products.  Qudian

offers cash credit products, which provides funds in digital form, and merchandise credit

products.  Qudian targets young, mobile-active consumers in China who need access to small

amounts of credit for their discretionary spending, but are underserved by traditional financial

institutions due to their lack of traditional credit history data.

**THE MATERIALY FALSE AND MISLEADING
REGISTRATION STATEMENT**

30.     On or about September 18, 2017, Qudian filed with the SEC its registration

statement on Form F-1 (Registration No. 333-220511), which would later be utilized in the IPO

following multiple amendments on Form F-1/A—the last of which was filed on October 13,

2017—and being declared effective by the SEC on October 17, 2017.  On October 17, 2017, the

Defendants priced the IPO at $24.00 per ADS.  Then, on or about October 18, 2017, Qudian filed

the final prospectus for the IPO ("Prospectus"), which forms part of the Registration Statement

(the Prospectus and Registration Statement are collectively referred to herein as the "Registration

Statement").  That same day, Qudian ADSs began trading on the NYSE under the ticker symbol

"QD."

31.     The Registration Statement was negligently prepared and, as a result, contained

untrue statements of material facts or omitted to state other facts necessary to make the

statements made not misleading, and was not prepared in accordance with the rules and

regulations governing its preparation.

32.     Concerning the Company's loan collection practices, the Registration Statement

stated the following:

We have implemented payment and collection policies and practices designed to
optimize regulatory compliant repayment, while also providing superior borrower
experience.  Our collection process is divided into distinct stages based on the
severity of delinquency, which dictates the level of collection steps taken.  For
example, automatic reminders through text, voice and instant messages are sent to
a delinquent borrower as soon as the collections process commences.  Our
collection team will also make phone calls to borrowers following the first missed
payment and periodically thereafter.  Our collection team also disclose such
delinquency to Zhima Credit if a payment is more than 20 calendar days past due.
For amounts more than 90 calendar days past due, we continue to contact the
relevant borrowers by phone.  For larger amounts past due, we may also conduct
in-person visits.

* * *

Our collection efforts extend to every delinquent borrower.  Our collection
process is divided into distinct stages based on the severity of delinquency, which
dictates the level of collection steps taken.  For example, automatic reminders
through text and instant messages are sent to a delinquent borrower as soon as the
collections process commences, and we take such measures to address
delinquencies typically caused by borrowers' oversight.  If the payment is still
outstanding after these reminders, our collection system will initiate automated
voice calls, which we believe are more difficult for borrowers to ignore compared
to text and instant messages.  In the event such efforts remain unsuccessful, our
collection team will make phone calls and disclose such delinquency to Zhima
Credit if a payment is more than 20 calendar days past due.  We inform the
relevant borrowers of our intention to make such reports and the adverse impact
of delinquencies on their credit histories, which may convince such borrowers to
pay the amounts past due.  For larger amounts past due, we may also conduct in-
person visits.  We may stop collection efforts when credit drawdowns are 180
calendar days overdue and collection attempts have reached a certain number.  In
the event of (i) death of the borrower, (ii) identification of fraud, and the fraud is
officially reported to and filed with relevant law enforcement departments or (iii)
the amount remained outstanding 180 calendar days past due and therefore
deemed uncollectible, we will charge off the relevant outstanding amount.
Substantially all of our charge-offs since our inception were due to amounts that
remain outstanding 180 calendar days past due and therefore deemed
uncollectible.

33.     The statements in ¶32 above were false and/or misleading when made because

they failed to disclose the fact that Qudian's loan collection practices were materially deficient

and/or nonexistent as the Company treated bad loans as welfare.

34.     Concerning the security of borrower data, the Company stated:

Our business and internal systems rely on software that is highly technical and complex. In addition, our business and internal systems depend on the ability of such software to store, retrieve, process and manage large amounts of data. The software on which we rely has contained, and may now or in the future contain, undetected errors or bugs. Some errors may only be discovered after the code has been released for external or internal use. Errors or other design defects within the software on which we rely may result in a negative experience for users, delay introductions of new features or enhancements, result in errors or compromise our ability to protect user data or our intellectual property, or affect the accuracy of our operating data. Any errors, bugs or defects discovered in the software on which we rely could result in harm to our reputation, loss of users, liability for damages, any of which could adversely affect our business, financial condition and results of operations.

\* \* \*

Misconduct and errors by our employees and parties we collaborate with could harm our business and reputation. We are exposed to many types of operational risks, including the risk of misconduct and errors by our employees and parties that we collaborate with. Our business depends on our employees and/or business partners to interact with users, process large numbers of transactions, deliver merchandise purchased by borrowers, providing user and after-sale product services and support the collection process, all of which involve the use and disclosure of personal information. We could be materially and adversely affected if transactions were redirected, misappropriated or otherwise improperly executed, if personal information was disclosed to unintended recipients or if an operational breakdown or failure in the processing of transactions occurred, whether as a result of human error, purposeful sabotage or fraudulent manipulation of our operations or systems.

\* \* \*

If any of our employees or business partners take, convert or misuse funds, documents or data or fail to follow our rules and procedures when interacting with users, we could be liable for damages and subject to regulatory actions and penalties. We could also be perceived to have facilitated or participated in the illegal misappropriation of funds, documents or data, or the failure to follow our rules and procedures, and therefore be subject to civil or criminal liability. Any of these occurrences could result in our diminished ability to operate our business, potential liability to users, inability to attract users, reputational damage, regulatory intervention and financial harm, which could negatively impact our business, financial condition and results of operations.

35.     The statements in ¶34 above were false and/or misleading when made because they failed to disclose the fact that Qudian's data systems and procedures were materially inadequate to safeguard sensitive borrower data against breach, and breaches had occurred.

## POST-IPO EVENTS

36.     The IPO was successful for Qudian and the Underwriter Defendants, who raised $900 million in the IPO and sold 37.5 million ADSs.

37.     As of the filing of this action, Qudian's ADSs now trade at $13.19 per share, which is approximately 45% below the $24.00 IPO price.

## CLASS ACTION ALLEGATIONS

38.     Plaintiff brings this action pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of themselves and all persons and entities who purchased Qudian's ADSs pursuant and/or traceable to Qudian's false and misleading Registration Statement, issued in connection with the Company's IPO, seeking to recover damages caused by Defendants' violations of the Securities Act.

39.     Excluded from the Class are the Defendants named herein, members of their immediate families, any firm, trust, partnership, corporation, officer, director or other individual or entity in which a Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors-in-interest or assigns of such excluded persons.

40.     The members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of Class members cannot be determined at this early stage, Plaintiff believes that there are thousands of people in the proposed Class.  Record owners and other members of the Class may be identified from records maintained by Qudian, its depository agent, or

its transfer agent and may be notified of the pendency of this action by mail, using a form of notice similar to that customarily used in securities class actions.

41.     Plaintiff's claims are typical of the claims of the other members of the Class because Plaintiff and all members of the Class were similarly affected by Defendants' unlawful conduct as complained of herein.

42.     Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel competent and experienced in class actions and securities litigation.  Plaintiff has no interests that are contrary to or in conflict with those of the Class.

43.     Common questions of law and fact exist as to all members of the Class, and predominate over any questions solely affecting individual members of the Class.  The questions of law and fact common to the Class include, *inter alia*:

a)     Whether Defendants violated the Securities Act as alleged herein;

b)     Whether statements made by Defendants to the investing public in the Registration Statement misrepresented or omitted material facts about the business and operations of Qudian; and

c)     Whether the Class members have sustained damages, and if so, the proper measure of damages.

44.     Plaintiff knows of no difficulty that will be encountered in the management of this action that would preclude its maintenance as a class action.

45.     A class action is superior to all other available methods for the fair and efficient adjudication of this action because, among other things, joinder of all members of the Class is impracticable.  In addition, since the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation would make it nearly impossible for

members of the Class to bring individual actions.  There will be no difficulty in the management of this action as a class action.

## CAUSES OF ACTION

### COUNT I
### Violations of Section 11 of the Securities Act Against the Defendants

46.     Plaintiff repeats and realleges each allegation above as if fully set forth herein.  This Count does not sound in fraud.  Any allegations of fraud or fraudulent conduct and/or motive are specifically excluded.  For purposes of asserting this and other claims under the Securities Act, Plaintiff does not allege that the Defendants acted with intentional, reckless, or otherwise fraudulent intent.

47.     This Count is asserted against all of the Defendants for violations of Section 11 of the Securities Act (15 U.S.C. § 77k), on behalf of the Class.

48.     The Registration Statement for the IPO contained misrepresentations of material facts and omitted to state material facts required to be stated in order to make the statements contained therein not misleading.

49.     As the issuer of the registered securities, Qudian is strictly liable for the misleading statements and omission of material facts described herein.

50.     None of the other Defendants made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true or that there was no omission of material facts necessary to make the statements made therein not misleading.

51.     The Defendants, issued, caused to be issued, and participated in the issuance of materially false and misleading statements to the investing public that were contained in the Registration Statement, and that misrepresented and/or failed to disclose  the facts set forth above.

As a direct and proximate result of the Defendants' wrongful conduct, the market price for Qudian ADSs was artificially inflated in the IPO, and Plaintiff and the applicable members of the Class suffered substantial damages in connection with the purchase of Qudian ADSs in the IPO.

52.     In connection with offering and selling of the registered ADSs to the public, the Defendants directly or indirectly, used the means and instrumentalities of interstate commerce, the United States mails, and a national securities exchange.

53.     This action was brought within one year after the discovery of the untruthfulness of the statements and omissions or after such discovery should have been made by the exercise of reasonable diligence and within three years after Qudian ADSs were offered to the public.

54.     At the time of the IPO, Plaintiff and the Class members did not know, nor in the exercise of reasonable diligence could he have known, that the Registration Statement contained untrue statements of material fact and omitted to state material facts required to be stated or necessary to make the statements particularized above not misleading when they purchased the registered securities.

55.     As a result of the foregoing, the Defendants are liable for violations of Section 11 of the Securities Act to the Plaintiff and the other Class members who purchased the ADSs sold in or traceable to the IPO.

## COUNT II
### Violations of Section 15 of the Securities Act Against the Individual Defendants

56.     Plaintiff repeats and realleges each allegation above as if fully set forth herein.  This Count does not sound in fraud.  Any allegations of fraud or fraudulent conduct and/or motive are specifically excluded.  For purposes of asserting this and other claims under the Securities Act, Plaintiff does not allege that the Defendants acted with intentional, reckless or otherwise fraudulent intent.

57.     This Count is alleged against the Individual Defendants for violations of Section 15

of the Securities Act (15 U.S.C. § 77o), on behalf of the Plaintiff and the other Class members who

purchased Qudian ADSs sold in or traceable to the IPO.

58.     As set forth in Count I herein, Qudian is liable pursuant to Section 11 of the

Securities Act.  At all relevant times, the Individual Defendants were controlling persons of Qudian

within the meaning of Section 15 of the Securities Act.  The Individual Defendants served as

executive officers and/or directors of Qudian prior to and at the time of the IPO as alleged herein.

Each of the Individual Defendants was a participant in the violations of Section 11 of the Securities

Act alleged in Count I above, based on their having signed the Registration Statement and having

otherwise participated in the process that allowed the IPO to be executed.  The Individual

Defendants, by virtue of their managerial and/or board positions with the Company, controlled the

Company, as well as the content of the Registration Statement, at the time of the IPO.  Each of the

Individual Defendants was provided with or had unlimited access to the Registration Statement, and

had the ability to prevent its issuance or cause it to be corrected.

59.     As a direct and proximate result of the Individual Defendants' wrongful conduct, the

market price for Qudian ADSs was artificially inflated in the IPO, and Plaintiff and the applicable

members of the Class suffered substantial damages in connection with the purchase of Qudian ADSs

pursuant to the Registration Statement.

60.     This action was brought within one year after the discovery of the untruthfulness of

the statements and omissions or after such discovery should have been made by the exercise of

reasonable diligence and within three years after Qudian ADSs were offered to the public.

61.     As a result of the aforementioned, the Individual Defendants are liable under

Section 15 of the Securities Act, to the same extent that they are liable under Section 11 of the

Securities Act, to Plaintiff and the other Class members who purchased ADSs pursuant or traceable to the Qudian IPO.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A.      Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative and Plaintiff's counsel as Lead Counsel;

B.      Awarding compensatory damages in favor of Plaintiff and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C.      Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees, and other costs; and

D.      Awarding rescissory damages in favor of Plaintiff and the other Class members where appropriate against all Defendants, jointly and severally, for all injuries sustained as a result of Defendants' wrongdoing, in an amount to be determined at trial, including pre-judgment and post-judgment interest, as allowed by law;

E.  Awarding such other and further relief as this Court may deem just and proper.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all triable claims.

Dated:  December 12, 2017                         Respectfully submitted,

**FARUQI & FARUQI, LLP**

By:_____*/s/ Richard W. Gonnello*
            Richard W. Gonnello

Richard W. Gonnello

Sherief Morsy
685 Third Avenue, 26th Floor
New York, NY 10017
Ph: (212) 983-9330
Fx: (212) 983-9331
E-mail: rgonnello@faruqilaw.com
        smorsy@faruqilaw.com

*Attorneys for Anand Ramnath*

## CERTIFICATION OF PROPOSED LEAD PLAINTIFF

I, Anand Ramnath, ("Plaintiff"), declare, as to the claims asserted under the federal securities laws, that:

1.    Plaintiff has reviewed the complaint against Qudian, Inc. and authorized its filing.

2.    Plaintiff selects Faruqi & Faruqi, LLP as his counsel for purposes of prosecuting this action and his claims against the defendants.

3.    Plaintiff did not purchase the security that is the subject of the complaint at the direction of Plaintiff's counsel or in order to participate in any private action arising under the federal securities laws.

4.    Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

5.    Plaintiff's transactions in Qudian, Inc. securities that are the subject of the complaint are set forth in the chart attached hereto.

6.    In the past three years, Plaintiff has not sought to serve nor has he served as a representative party on behalf of a class in an action filed under the federal securities laws, except as specified below:

7.    Plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing information is correct to the best of my knowledge.

Signed this 12th day of December, 2017.

_____
Anand Ramnath

| Transaction (Purchase or Sale) | Trade Date | Quantity | Price Per Share |
|---|---|---|---|
| Purchase | 10/18/2017 | 7,000 | $35.00 |
| Purchase | 11/16/2017 | 5,000 | $25.10 |
| Purchase | 11/16/2017 | 2,500 | $24.52 |
| Purchase | 11/17/2017 | 3,000 | $22.65 |
| Purchase | 11/17/2017 | 3,000 | $22.10 |
| Purchase | 11/17/2017 | 2,000 | $21.55 |
| Purchase | 11/20/2017 | 2,000 | $21.01 |