EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE QUDIAN INC. SECURITIES LITIGATION | Master File No.: 1:17-cv-09741-JMF<br><br>Related cases:<br>1:17-cv-09796-JMF<br>1:17-cv-09903-JMF<br>1:17-cv-09875-JMF<br>1:17-cv-09894-JMF |

## **STIPULATION AND AGREEMENT OF SETTLEMENT**

This Stipulation and Agreement of Settlement, dated as of November 13, 2020 (the "Stipulation"), is entered into between (a) lead plaintiffs Alan B. Hertz and the Alan Hertz Family 2012 Trust (collectively, "Lead Plaintiffs") and additional named plaintiff Darwin Sutanto (together with Lead Plaintiffs, the "Plaintiffs"), on behalf of themselves and the Class (defined below); and (b) defendants Qudian Inc. ("Qudian"), the Individual Defendants,[1] the Selling Shareholder Defendants,[2] and the Underwriter Defendants[3] (Qudian, the Individual Defendants, the Selling Shareholder Defendants, and the Underwriter Defendants, collectively, "Defendants" and, with Plaintiffs, the "Parties"), and embodies the terms and conditions of the

---

[1] The Individual Defendants are Min Luo, Carl Yeung, Lianzhu Lv, Yi Cao, Shilei Li, Li Du, Chao Zhu, Tianyu Zhu, Diana Arias, Yifan Li, Rocky Ta-Chen Lee, and Yahui Zhou.

[2] The Selling Shareholder Defendants are Qufenqi Holding Limited, Phoenix Auspicious FinTech Investment L.P., Wa Sung Investment Limited, Source Code Accelerate L.P., Kunlun Group Limited, Ever Bliss Fund, L.P., and Joyful Bliss Limited.

[3] The Underwriter Defendants are Morgan Stanley & Co. International plc, Credit Suisse Securities (USA) LLC, Citigroup Global Markets Inc., China International Capital Corporation Hong Kong Securities Limited, UBS Securities LLC, Stifel, Nicolaus and Company, Incorporated, Needham & Company, LLC, and Nomura Securities International, Inc.

settlement of the above-captioned consolidated actions (collectively, the "Action").[4]  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice, *inter alia*, the Action and all claims asserted therein.

WHEREAS:

A.     In December 2017, five putative class action complaints were filed against Defendants in the United States District Court for the Southern District of New York: on December 12, 2017, the action styled *Ramnath v. Qudian Inc. et al.* was filed in the Southern District of New York (1:17-cv-09741-JFM); on December 14, 2017, the action styled *Maia v. Qudian Inc. et al.* was filed in the Southern District of New York (1:17-cv-09796-JMF); on December 18, 2017, the action styled *Foat v. Qudian Inc. et al.* was filed in the Southern District of New York (1:17-cv-09875-JMF); on December 19, 2017, the action styled *Perez v. Qudian Inc. et al.* was filed in the Southern District of New York (1:17-cv-09903-JMF); and, on December 19, 2017, the action styled *Zolotukhin v. Qudian Inc. et al.* was filed in the Southern District of New York (1:17-cv-09894-JMF).[5]

---

[4]   All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

[5]   In addition to these actions, three additional securities lawsuits involving different named plaintiffs and a subset of the Defendants here were filed in California and New York state court: (i) *Song v. Qudian Inc. et al.* (18CIV01425), filed in the Superior Court of California for the County of San Mateo on March 21, 2018 (the "*Song* Action"); (ii) *Panther Partners Inc. v. Qudian Inc. et al.* (Index No. 651804/2018), filed in the Supreme Court of the State of New York for the County of New York on April 13, 2018 (the "*Panther Partners* Action"); and (iii) *The Morrow Property Trust v. Qudian Inc. et al.* (Index No. 653047), filed in the Supreme Court of the State of New York for the County of New York on June 18, 2018 (the "*Morrow Property Trust*" Action).  Collectively, these three actions are referred to as the "State Court Actions."  All of the State Court Actions were subsequently stayed in light of the first-filed Action.  The plaintiffs in the two New York state court actions later moved to lift the stay, which was denied.

B.      On March 16, 2018, the Court entered an order consolidating the actions filed in the Southern District of New York under the caption *In re Qudian Inc. Securities Litigation*, Case No. 1:17-cv-09741-JFM; appointing Alan B. Hertz and the Alan Hertz Family 2012 Trust as Lead Plaintiffs for the Action pursuant to the Private Securities Litigation Reform Act of 1995; and appointing Jack I. Zwick and Glancy Prongay & Murray LLP as Co-Lead Counsel for the putative class.

C.      On May 18, 2018, Lead Plaintiffs filed a Consolidated Amended Class Action Complaint for Violation of the Federal Securities Laws, and, on July 27, 2018, Lead Plaintiffs filed a Consolidated Second Amended Class Action Complaint for Violation of the Federal Securities Laws (the "Second Amended Complaint"), asserting claims under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act").   Dkt. Nos. 109, 134. Among other things, the Second Amended Complaint alleges that Defendants violated the Securities Act by failing to disclose a pre-IPO plan for Qudian to launch an auto finance business called "Dabai Auto" and thus misrepresented the true state of Qudian's business, operations, and risks Qudian was facing at the time of its October 2017 Initial Public Offering (the "IPO").   In addition, the Second Amended Complaint alleges separate misrepresentations or omissions concerning: (i) Qudian's alleged lending to college students in violation of Chinese law; (ii) Qudian's allegedly aggressive and unlawful debt collection practices; (iii) allegedly excessive penalty fees that exceeded the statutory limit; and (iv) an alleged data breach and failure to disclose inadequate data security.   The Second Amended Complaint further alleges

---

That decision is currently on appeal in the Supreme Court of the State of New York, First Appellate Division (the "Appeal").

that, as a result of the alleged misrepresentations and omissions, the price of Qudian's ADS was artificially inflated, and declined when the truth was revealed.

D.    On October 12, 2018, Defendants moved to dismiss the Second Amended Complaint for failure to state a claim.  Dkt. Nos. 143-46.  Among other things, Defendants argued that Lead Plaintiffs failed to plead the existence of a materially false or misleading statement or omission.

E.    On September 27, 2019, in a 19-page opinion, the Court granted in part and denied in part Defendants' motion to dismiss.  The Court granted the motion to dismiss with leave to amend with respect to all of Lead Plaintiffs' allegations except the claim concerning Dabai Auto.  Dkt. No. 187.  Noting that, *inter alia*, Qudian's IPO Registration Statement contained risk disclosures concerning the alleged lending to college students, aggressive debt collection practices, excessive penalty fees, and potential data security flaws, the Court held that Lead Plaintiffs had failed to allege an actionable misrepresentation or omission, but granted Lead Plaintiffs leave to amend.  Finally, with respect to Dabai Auto, the Court held that, "[a]lthough the question is a close one, drawing all inferences in Plaintiffs' favor, the Court concludes from the totality of the facts alleged in the Complaint . . . that Plaintiffs plausibly allege that Qudian knew or should have known that it would use the proceeds to fund Dabai Auto at the time of the IPO and, therefore, that they plausibly state claims under this theory."  *Id.* at 17.

F.    On October 17, 2019, the Parties filed a joint stipulation in which  Plaintiffs stated that they did not wish to amend the Second Amended Complaint, but did wish to file a motion for reconsideration of the Court's order granting Defendants' motion to dismiss with respect to Plaintiffs' data security claim.  Dkt. No. 191.  On November 8, 2019, Plaintiffs filed the motion for reconsideration.  Dkt. No. 193.  Defendants filed an opposition to the motion on December 6,

2019, and Plaintiffs filed a reply on December 20, 2019.  Dkt. Nos. 202-04.  On July 10, 2020, the Court denied the motion for reconsideration, and reaffirmed its original conclusions concerning the data security claim.  Dkt. No. 206.

G.  On August 10, 2020, Qudian and certain other Defendants who had joined in the original motion to dismiss filed their Answer to the Second Amended Complaint.  Dkt. No. 219. The same day, certain additional Defendants who had not yet been served at the time of the original motion to dismiss filed their own motion to dismiss the Second Amended Complaint, either in whole or in part, on additional grounds.  Dkt. Nos. 211-18.  On August 24, 2020, the Underwriter Defendants filed their Answer to the Second Amended Complaint.  Dkt. No. 222.

H.  In May 2020, before the Court had ruled on Plaintiffs' motion for reconsideration and before the additional motions to dismiss set forth above had been filed, the Parties agreed to participate in a private mediation.  The Parties selected longtime mediator Leigh Lasky, Esq. The Parties exchanged extensive mediation statements and exhibits, as well as replies, that addressed, among other things, issues related to liability and damages.  The Parties participated in two lengthy remote mediation sessions on May 11-12, 2020.  The sessions ended without an agreement to settle.

I.  Over the course of the next five months, the Parties continued to work with Mr. Lasky to explore whether a settlement was possible. After exhaustive negotiations, and the denial of the motion for reconsideration, Mr. Lasky made a mediator's proposal, pursuant to which the Action would be settled for $8,500,000.  The Parties thereafter accepted the mediator's proposal.

J.  This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties to fully and finally settle and release all claims that were asserted

or could have been asserted in the Action in return for a cash payment by or on behalf of Defendants of $8,500,000 for the benefit of the Class.

  K.  Based upon their investigation, prosecution, and mediation of the case, Plaintiffs and Co-Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Plaintiffs and the other members of the Class and in their best interests.  Based on Plaintiffs' oversight of the prosecution of this matter and with the advice of their counsel, Plaintiffs have agreed to settle and release the claims that were asserted or could have been asserted in the Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Plaintiffs and the other members of the Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

  L.  This Stipulation constitutes a compromise of matters that are in dispute between the Parties.  Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further litigation.  Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of Defendants' Releasees with respect to any claim or allegation of any fault, liability, wrongdoing, or damage whatsoever or any infirmity in the defenses that Defendants have, or could have, asserted.  Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted in the Action or an admission or concession that any of the Defendants' defenses to liability had any merit.

M. Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed, and prosecuted by Plaintiffs in good faith and defended by Defendants in good faith, that the Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate, and reasonable.

NOW, THEREFORE, it is hereby STIPULATED AND AGREED, by and among Plaintiffs (individually and on behalf of all other members of the Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against Defendants' Releasees and all Released Defendants' Claims as against Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1. As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a) "Action" means the consolidated securities class action in the matter styled *In re: Qudian Inc. Securities Litigation*, Master File No.: 1:17-cv-09741-JMF (S.D.N.Y.), and includes all actions consolidated therein.

(b) "Alternate Judgment" means a form of judgment that may be entered by the Court in a form other than the form of Judgment provided for in this Stipulation and which judgment does not result in any Party terminating the Settlement.

(c) "Authorized Claimant" means a Class Member who submits a Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(d)    "Claims" means any and all manner of claims, demands, rights, actions, potential actions, causes of action, liabilities, duties, damages, losses, diminutions in value, obligations, agreements, suits, fees, attorneys' fees, expert or consulting fees, debts, expenses, costs, sanctions, judgments, decrees, matters, issues and/or controversies of any kind or nature whatsoever, whether known or unknown, contingent or absolute, liquidated or not liquidated, accrued or unaccrued, suspected or unsuspected, disclosed or undisclosed, apparent or not apparent, foreseen or unforeseen, matured or not matured, which now exist, or heretofore or previously existed, or may hereafter exist (including, but not limited to, any claims arising under federal, state or foreign law, common law, bankruptcy law, statute, rule, or regulation relating to alleged fraud, breach of any duty, negligence, fraudulent conveyance, avoidance, violations of the Securities Act of 1933, as amended and rules promulgated thereunder, violations of the Securities Exchange Act of 1934, as amended and rules promulgated thereunder, violations of other federal securities laws, or otherwise), whether individual, class, direct, derivative, representative, on behalf of others, legal, equitable, or of any other type or in any other capacity.

(e)    "Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

(f)    "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

(g)    "Claims Administrator" means A.B. Data, Ltd. the firm retained by Plaintiffs and Co-Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Class Members and to administer the Settlement.

(h)     "Class" means, for settlement purposes only, and contingent on Court approval, a class consisting of all persons or entities that purchased or otherwise acquired Qudian American Depositary Shares ("ADS") in or traceable to Qudian's initial public offering ("IPO") on or about October 18, 2017.   Excluded from the Class are: (1) persons who suffered no compensable losses; and (2) (a) Defendants; (b) the legal representatives, heirs, successors, assigns, and members of the Immediate Families of the Individual Defendants; (c) the parents, subsidiaries, assigns, successors, and predecessors of Qudian, the Underwriter Defendants, and the Selling Shareholder Defendants; (d) any persons who served as officers and/or directors of Qudian, the Underwriter Defendants, or the Selling Shareholder Defendants at the time of the IPO; (e) any entity in which any of the foregoing (a)-(d) excluded persons have or had a majority ownership interest at the time of the IPO; and (f) Defendants' liability insurance carriers.   Also excluded from the Class are any persons and entities who or which validly exclude themselves by submitting a request for exclusion that is accepted by the Court.   For avoidance of doubt, any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange-traded funds, fund of funds, and hedge funds, in which any Underwriter Defendant has or had a direct or indirect interest, or as to which its affiliates act or acted as an investment advisor, but of which any Underwriter Defendant or any of its respective affiliates is not a majority owner or does not hold a majority beneficial interest, shall not be deemed an excluded person or entity.

(i)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(j)     "Class Member" means each person and entity who or which is a member of the Class.

(k)     "Co-Lead Counsel" means Jack I. Zwick and Glancy Prongay & Murray LLP.

(l)     "Court" means the United States District Court for the Southern District of New York.

(m)     "Defendants' Counsel" means Simpson Thacher & Bartlett LLP ("Simpson Thacher"); O'Melveny & Myers LLP; and Quinn Emanuel Urquhart & Sullivan, LLP.

(n)     "Defendants' Releasees" means (i) Qudian and its past, present, and future, direct or indirect, parent entities, associates, affiliates, and subsidiaries, each and all of their respective past, present, and future directors, officers, partners, stockholders, predecessors, successors, and employees, and, in their capacity as such, each and all of their underwriters, advisors, attorneys, auditors, consultants, trustees, insurers, co-insurers, reinsurers, representatives, and assigns; (ii) the Individual Defendants and their respective present, past, and future spouses, parents, siblings, children, grandparents, and grandchildren, the present, past and future spouses of their respective parents, siblings and children, and the present, past and future parents and siblings of their respective spouses, including step and adoptive relationships; (iii) the Selling Shareholder Defendants and each of their past, present and future, direct, or indirect, parent entities, associates, affiliates, and subsidiaries, each and all of their respective past, present, and future directors, officers, partners, stockholders, predecessors, successors and employees, and, in their capacity as such, each and all of their underwriters, advisors, attorneys, auditors, consultants, trustees, insurers, co-insurers, reinsurers, representatives, and assigns; (iv) the Underwriter Defendants and each of their past, present, and future, direct or indirect, parent

entities, associates, affiliates, and subsidiaries, each and all of their respective past, present, and future directors, officers, partners, stockholders, predecessors, successors and employees, and, in their capacity as such, each and all of their underwriters, advisors, attorneys, auditors, consultants, trustees, insurers, co-insurers, reinsurers, representatives, and assigns; (v) any and all persons, firms, trusts, corporations, and other entities in which any of the Defendants or any past, present, and future directors or officers of Qudian, the Selling Shareholder Defendants, or the Underwriter Defendants has a financial interest or was a sponsor, founder, settler or creator of the entity, and, in their capacity as such, any and all officers, directors, employees, trustees, beneficiaries, settlers, creators, attorneys, consultants, agents, or representatives of any such person, firm, trust, corporation or other entity; and (vi) in their capacity as such, the legal representatives, heirs, executors, administrators, predecessors, successors, predecessors-in-interest, successors-in-interest, and assigns of any of the foregoing.

(o)     "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 33 of this Stipulation have been met and have occurred or have been waived.

(p)     "Escrow Account" means an interest-bearing account maintained at the Huntington National Bank, a financial institution into which the Settlement Amount shall be deposited and held in escrow, subject to the Court's supervisory authority, and under the control of the Co-Lead Counsel.

(q)     "Escrow Agent" means the Huntington National Bank.

(r)     "Escrow Agreement" means the agreement between Co-Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(s)     "Final," with respect to the Judgment or, if applicable, the Alternate Judgment or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) calendar days after entry of the judgment or order or, (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals or the final dismissal of any proceeding on *certiorari* or otherwise or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of *certiorari* or other form of review, or the denial of a writ of *certiorari* or other form of review and, if *certiorari* or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order with respect to (i) attorneys' fees, costs, or expenses or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified) shall not in any way delay or preclude a judgment from becoming Final.

(t)     "Immediate Family" means present, past, and future children, parents, spouses, siblings, grandparents, grandchildren, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law, all of which include step and adoptive relationships.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(u)     "Judgment" means the judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(v)     "Litigation Expenses" means costs and expenses incurred by Plaintiffs and Plaintiffs' Counsel in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Plaintiffs directly related to their representation of the

Class), for which Co-Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

(w)   "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

(x)   "Notice" means the Notice of (I) Pendency of Class Action, Certification of Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be disseminated to Class Members in the manner ordered by the Court.

(y)   "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Co-Lead Counsel in connection with: (i) providing notices to the Class; and (ii) administering the Settlement, including but not limited to processing Submitted Claims, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing or of emailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the Submitted Claims), and the fees, if any, of the Escrow Agent.

(z)   "Parties" means Defendants, and Plaintiffs on behalf of themselves and the Class.

(aa)   "Plaintiffs' Counsel" means Co-Lead Counsel and the Rosen Law Firm.

(bb)   "Plaintiffs' Releasees" means Plaintiffs, all other plaintiffs in the Action, their respective attorneys, and all other members of the Class and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, trusts, successors, assigns, attorneys, current and former officers and directors, employees, heirs, representatives, administrators, executors, trustees, devisees, beneficiaries, legatees, and estates, in their capacities as such.

(cc)   "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(dd)   "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Class.

(ee)   "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1, as amended.

(ff)   "Qudian ADS" means Qudian American Depositary Shares.

(gg)   "Recognized Loss" means the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

(hh)   "Released Defendants' Claims" means any and all Claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the Action.  Released Defendants' Claims do not include: (i) any claims to enforce the terms of the Settlement; or (ii) any claims of any person or entity who or which validly submits a request for exclusion that is accepted by the Court.

(ii)   "Released Plaintiffs' Claims" means any and all Claims, including Unknown Claims, that have been, could have been, or in the future can or might be asserted in

any federal, state, or foreign court, tribunal, forum, or proceeding by or on behalf of Plaintiffs or any Plaintiffs' Releasees against any one or more of the Defendants' Releasees, regardless of whether any such Defendants' Releasees was named, served with process, or appeared in the Action, which directly or indirectly arise out of or relate to (i) any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged, or referred to, in the Action, or which could have been alleged in the Action, and (ii) arise out of, are based upon, or relate to in any way the purchase, acquisition, holding, sale, or disposition of any Qudian ADS acquired in or traceable to Qudian's initial public offering, including common shares converted therefrom.  Released Plaintiffs' Claims do not include: (i) any claims to enforce the terms of the Settlement; or (ii) any claims of any person or entity who or which validly submits a request for exclusion that is accepted by the Court.

(jj)   "Releasee(s)" means each and any of the Defendants' Releasee(s) and each and any of the Plaintiffs' Releasee(s).

(kk)   "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(ll)   "Settlement" means the settlement between Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

(mm) "Settlement Amount" means eight million five hundred thousand U.S. dollars (US$8,500,000).

(nn)   "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(oo)   "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(pp)   "Submitted Claim" means a Claim Form that has been submitted by a Claimant to the Claims Administrator.

(qq)   "Summary Notice" means the Summary Notice of (I) Pendency of Class Action, Certification of Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(rr)   "Taxes" means: (i) all federal, state, and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the expenses and costs incurred by Co-Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

(ss)   "Total Recognized Loss" means the sum of all of a person or entity's Recognized Losses across all transactions in Qudian ADS.

(tt)   "Unknown Claims" means any Released Claims that any Plaintiff, any other Class Member, or each of the Defendants or any of the other Releasees does not know or suspect to exist in his, her, or its favor at the time of the release, which, if known by him, her, or it, might have affected his, her, or its decision to settle with and release any of the other Releasees, or might have affected his, her, or its decision not to opt-out or object to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and each of the Defendants shall expressly waive, and each of the other Class Members and Releasees shall be deemed to have waived, and

by operation of the final judgment shall have waived, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs and each of the Defendants shall expressly waive, and each of the other Class Members and Releasees shall be deemed to have, and by operation of the final judgment shall have, expressly waived, any and all provisions, rights, and benefits conferred by any law of any state, territory, foreign country, or principle of common law that is similar, comparable, or equivalent to California Civil Code § 1542.  Plaintiffs, any other Class Member, Defendants, and their respective Releasees may hereafter discover facts in addition to or different from those that he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and each of the Defendants shall expressly waive, and each of the other Class Members and Releasees shall be deemed to have waived, and by operation of the final judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of fiduciary duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs and each of the Defendants acknowledge, and each of the other Class Members and each of the other Releasees shall be deemed by operation of the final judgment to have acknowledged, that

the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

## CLASS SETTLEMENT

2.     Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Class; (b) certification of Plaintiffs as Class Representatives for the Class; and (c) appointment of Co-Lead Counsel as Class Counsel for the Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.     Plaintiffs shall file a motion for preliminary approval of the Settlement, and attach a copy of the executed Stipulation.  Plaintiffs shall provide Defendants with a draft of the motion for preliminary approval prior to filing.  Concurrently with the motion for preliminary approval, Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.  Defendants will not oppose the motion for preliminary approval of the Settlement or the scheduling of a hearing for consideration of final approval of the Settlement.

## RELEASE OF CLAIMS

4.     The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases provided for herein.

5.     Pursuant to the Judgment or any Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs' Releasees (regardless of whether any such person or entity ever seeks or obtains by any means, including

without limitation by submitting a Claim Form, any disbursement from the Settlement) shall be deemed to have, and by operation of the final judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims against Defendants' Releasees, whether served or unserved with any complaint in the Action, and shall have covenanted not to sue Defendants' Releasees with respect to all such Released Plaintiffs' Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Plaintiffs' Claims, either directly, representatively, derivatively, or in any other capacity, against any of Defendants' Releasees.  This release shall not apply to any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

6.     Pursuant to the Judgment or any Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and each of their respective heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, trusts, successors, employees, representatives, administrators, executors, trustees, devisees, legatees, estates, affiliates, current and former officers and directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, and any other person or entity legally entitled to bring Defendants' Released Claims on behalf of any Defendant, in that capacity, shall be deemed to have, and by operation of law and the final judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against Plaintiffs' Releasees, and shall have covenanted not to sue Plaintiffs' Releasees with respect to all such Released Defendants' Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting,

instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Defendants' Claims, either directly, representatively, derivatively, or in any other capacity, against any of Plaintiffs' Releasees.

7.     Notwithstanding ¶¶ 5-6 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8.     In consideration of the Settlement of the Released Plaintiffs' Claims against Defendants' Releasees, Qudian or its designee(s) (the "Payors"), on behalf of all Defendants' Releasees, shall cause to be paid the Settlement Amount into the Escrow Account within thirty (30) calendar days after the later of: (i) the date of entry by the Court of an order preliminarily approving this Settlement; or (ii) Simpson Thacher's receipt from Co-Lead Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions that include the bank name and ABA routing number and SWIFT code, account name and number, and a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited.  The Settlement Amount is an all-in settlement number, meaning that it includes all attorneys' fees, administrative costs, expenses, Class Member benefits, class representative awards, and any other amounts, fees, or costs of any kind whatsoever associated with the resolution of this matter. No Defendant other than Qudian shall pay, or be liable to pay, any part of the Settlement Amount.  The Settlement Amount will be deposited into an interest-bearing escrow account managed by Co-Lead Counsel.  If the Settlement does not become final for any reason, the

interest and payment will be returned to the Payors, less reasonable and necessary costs paid or owed to the claims administrator.

## USE OF SETTLEMENT FUND

9.      The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 19-31 below.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to the Legal Aid Society.

10.      Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account until the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including U.S. Treasury bills, a U.S. Treasury Fund, or a bank account that is either: (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC"); or (b) secured by instruments backed by the full faith and credit of the United States Government.  The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.  Defendants shall not bear any responsibility for or liability related to the investment of the Settlement Fund by the Escrow Agent.

11.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Co-Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.   Co-Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.   Defendants' Releasees shall not have any liability or responsibility whatsoever for any such Taxes or for the acts or omissions of Co-Lead Counsel or its agents with respect to the payment of Taxes.   The Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph 11.   Co-Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.     All Taxes shall be paid out of the Settlement Fund and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, without further order of the Court.   Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the

Settlement Fund as provided herein. Defendants' Releasees shall not have any liability or responsibility whatsoever for any such Taxes. Defendants' Releasees shall have no responsibility or liability whatsoever for the acts or omissions of Co-Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

13.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Parties or their counsel, nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

14.     The Settlement will be non-recapture, *i.e.*, it is not a claims-made settlement. Upon the Effective Date, the Payors have no ability to get back any of the Settlement Amount. If the settlement otherwise does not become effective: (a) the Parties shall revert to their litigation positions on the day of execution of the settlement term sheet executed by the parties (the "Settlement Term Sheet"); and (b) the Settlement Amount, less any taxes paid or due and any reasonable and necessary costs paid or owed to the claims administrator, shall be returned to the Payors.

15.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, the Escrow Agent may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all reasonable and necessary Notice and Administration Costs paid or incurred, including any related fees and Taxes, shall not be returned or repaid to the Payors.

**ATTORNEYS' FEES AND LITIGATION EXPENSES**

16.     Co-Lead Counsel will apply to the Court for a collective award of attorneys' fees to be paid by the Escrow Agent from (and out of) the Settlement Fund.  Co-Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Plaintiffs' costs and expenses, including time and/or lost wages incurred in prosecuting the Action, directly related to their representation of the Class, to be paid by the Escrow Agent from (and out of) the Settlement Fund.  The attorneys' fees and Litigation Expenses that are awarded to Co-Lead Counsel shall be payable solely by the Escrow Agent from the Settlement Fund.  Defendants' Releasees shall not have any liability or responsibility whatsoever for any such attorneys' fees and Litigation Expenses that are awarded to Co-Lead Counsel.  Approval of any attorneys' fees and Litigation Expenses requested by Co-Lead Counsel or awarded by the Court is separate from approval of the Settlement, and any issues, problems, or objections with attorneys' fees and expenses will not affect the validity of the Settlement.  Co-Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Plaintiffs other than what is set forth in this Stipulation.  Each side shall bear its own costs and expenses, other than those fees and expenses awarded by the Court to be paid from the Settlement Amount.

17.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Co-Lead Counsel within three (3) calendar days of the award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Co-Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of

this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Co-Lead Counsel shall make the appropriate refund or repayment in full within three (3) business days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final.  An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.  Neither Plaintiffs nor Co-Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

18.     Co-Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner that it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.  Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses.

<u>**NOTICE AND SETTLEMENT ADMINISTRATION**</u>

19.     As part of the Preliminary Approval Order, Plaintiffs shall seek appointment of the Claims Administrator.  The Claims Administrator shall administer the Settlement, including but not limited to the processes of providing notice to the Class and receiving, reviewing, and approving or denying Submitted Claims, under Co-Lead Counsel's supervision and subject to the jurisdiction of the Court.  Other than Qudian's obligation to provide or cause to be provided records as provided in ¶ 20 below, none of Defendants' Releasees shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims

Administrator, providing notice to the Class, the Plan of Allocation, the administration of the Settlement, the processing of Submitted Claims, or disbursement of the Net Settlement Fund and shall have no liability whatsoever to any person or entity, including, but not limited to, Plaintiffs, any other Class Members, or Co-Lead Counsel in connection with any of the foregoing.  It is understood that Plaintiffs shall be solely responsible, subject to Court approval, for class notice, administration, and the allocation of the settlement amount among Class Members.  Except for Qudian's obligation to produce information from its depository and/or transfer agent for purposes of providing notice to the Class and Qudian's obligation to submit notices pursuant to the Class Action Fairness Act ("CAFA"), if any are required, all costs of notice and administration of the Settlement will be paid out of the Settlement Amount, and Defendants' Releasees shall not bear any cost or responsibility for class notice, administration, the review of claims of Class Members, or the allocation of the settlement amount among Class Members.  For the avoidance of doubt: (a) Qudian shall pay all costs associated with distribution of a CAFA notice, if any; and (b) notwithstanding the fact that the Effective Date has not yet occurred, Co-Lead Counsel may pay from the Escrow Account the actual costs of notice and settlement administration without further order of the Court.  Defendants shall be responsible for timely service of any notices that might be required pursuant to CAFA.  Defendants shall provide a copy of such notices as well as proof of service of such notices to Co-Lead Counsel. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

20.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Co-Lead Counsel shall cause the Claims Administrator to mail or email the Notice and Claim Form to those members of the Class as may be identified through reasonable effort.  Co-

Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Class, within ten (10) business days of the date of entry of the Preliminary Approval Order, Qudian shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Co-Lead Counsel or the Claims Administrator) its reasonably available shareholder lists (consisting of names and addresses) of the purchasers or holders of Qudian ADS from the date of the IPO on or about October 18, 2017 through May 20, 2018.

21.    The Claims Administrator shall determine whether each Submitted Claim is valid, in whole or part and, for each valid Submitted Claim, determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized claim compared to the total recognized claims of all Authorized Claimants (as set forth in the Plan of Allocation in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

22.    The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation, and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Plaintiffs and Co-Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation, or responsibility

27

whatsoever for the application of the Court-approved plan of allocation, and any issues, problems, or objections to the Plan of Allocation will not affect the validity of the Settlement.

23.     Any Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and this Settlement, including the terms of the Judgment or the Alternate Judgment, if applicable, to be entered in the Action in the event that the Effective Date occurs.

24.     Any Class Member seeking to exclude himself, herself, or itself from the Class must timely submit records of all of his, her, or its transactions in Qudian ADS sufficient to calculate the amount of his, her, or its losses as calculated under the Plan of Allocation.

25.     Co-Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.  No Defendants' Releasee shall be permitted to contest or object to any Claim Form or any decision of the Claims Administrator or Co-Lead Counsel with respect to accepting or rejecting any Submitted Claim for payment by a Class Member.  Co-Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

26.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the Claimant's loss or such other documents or proof as the Claims Administrator or Co-Lead Counsel, in their discretion, may deem acceptable;

(b)     All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice.  Any Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or any Alternate Judgment, if applicable.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions set forth in the Notice.  In all other cases, the Claim Form shall be deemed to have been submitted on the date on which it was actually received by the Claims Administrator;

(c)     Each Claim Form shall be submitted to and reviewed by the Claims Administrator, who shall determine in accordance with this Stipulation and the Plan of Allocation the extent, if any, to which each Submitted Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Claim Forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Submitted Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, either by mail or by email, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, either by mail or by email, all Claimants whose Submitted Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose

Submitted Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose Submitted Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within fourteen (14) calendar days after the date of mailing or emailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation and requesting a review thereof by the Court.  If a dispute concerning a Submitted Claim cannot be otherwise resolved, Co-Lead Counsel shall thereafter present the request for review to the Court.

27.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Submitted Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Submitted Claim.  No discovery whatsoever shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.

28.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Submitted Claims; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and, (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

29.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Class Members.  All Class Members whose Submitted Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action.

30.     No person or entity shall have any Claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or any other agent designated by Co-Lead Counsel, any Defendants' Releasee, or Defendants' Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court. Plaintiffs and Defendants, their respective counsel, and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Submitted Claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

31.     All proceedings with respect to the administration, processing, and determination of Submitted Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Submitted Claims, shall be subject to the jurisdiction of the Court.  All Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to determinations related to Submitted Claims.

## TERMS OF THE JUDGMENT

32.     If the Settlement contemplated by this Stipulation is approved by the Court, Co-Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

33.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c)     Defendants have not validly exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 37 below);

(d)     Plaintiffs have not validly exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

(e)     the Court has (i) approved the Settlement as described herein, following the period set forth for notice under CAFA, if any is required, and following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and (ii) entered the Judgment or an Alternate Judgment; and

(f)     the Judgment or the Alternate Judgment, if applicable, has become Final.

34.     Upon the occurrence of all of the events referenced in ¶ 33 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, and the Releases herein shall be effective.

35.     If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)     Plaintiffs and Defendants shall revert to their respective positions in the Action as of October 14, 2020.

(c)     The terms and provisions of this Stipulation, with the exception of this ¶ 35 and ¶¶ 15, 17, 39, and 58, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated *nunc pro tunc*.

(d)     Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Co-Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Co-Lead Counsel consistent with ¶ 17 above), less any reasonable and necessary Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing shall be refunded by the Escrow Agent to the Payors.  In the event that the funds received by Co-Lead Counsel consistent with ¶ 17 above have not been refunded to the Settlement Fund within the three (3) business days

specified in this paragraph, those funds shall be refunded by the Escrow Agent to the Payors immediately upon their deposit into the Escrow Account consistent with ¶ 17 above.

36.     It is further stipulated and agreed that Lead Plaintiffs and Qudian shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) calendar days of: (a) the Court's refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; or (d) the date on which the Judgment or Alternate Judgment, if applicable, is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court, and the provisions of ¶ 35 above shall apply.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

37.     In addition to the grounds set forth in ¶ 36 above, Qudian shall have the unilateral right to terminate the Settlement in the event that Class Members timely and validly requesting exclusion from the Class meet the conditions set forth in Qudian's confidential supplemental agreement with Plaintiffs (the "Supplemental Agreement"), in accordance with the terms of that agreement (the "Opt-Out Threshold").  The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court, and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement), unless and until the Court otherwise

directs or a dispute arises between Plaintiffs and Qudian concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court *in camera* and request that the Court afford it confidential treatment.

38.     If the Payors do not pay or cause to be paid the Settlement Amount within the time specified in paragraph 8 of this Stipulation, then Co-Lead Counsel, in its sole discretion, may elect, at any time prior to the Court entering the Judgment: (a) to terminate the Settlement by providing written notice to Defendants' Counsel; or (b) to enforce the terms of the Settlement and this Stipulation and seek entry of a judgment effecting the terms in this Stipulation.

## NO ADMISSION OF WRONGDOING

39.     Neither the Settlement Term Sheet, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Settlement Term Sheet and this Stipulation, nor any proceedings taken pursuant to or in connection with the Settlement Term Sheet, this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of Defendants' Releasees as evidence of, construed as, or deemed to be evidence of any presumption, concession, or admission by any of Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any Claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation or of any liability, negligence, fault, or other wrongdoing of any kind of any of Defendants' Releasees, or in any way referred to for any other reason as against any of Defendants' Releasees, in any civil, criminal, or

administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     shall be offered against any of Plaintiffs' Releasees as evidence of, construed as, or deemed to be evidence of any presumption, concession, or admission by any of Plaintiffs' Releasees that any of their claims are without merit, that any of Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial;

*provided, however*, that, if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## **MISCELLANEOUS PROVISIONS**

40.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

41.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf

of Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Plaintiffs, Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the releases and Judgment or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 35 above, and any cash amounts in the Settlement Fund (less any Taxes paid, due, or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid, or payable) shall be returned as provided in ¶ 35.

42.    The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or that could be asserted by Plaintiffs and any other Class Members against all of Defendants' Releasees with respect to the Released Plaintiffs' Claims. Accordingly, Plaintiffs and their counsel and Defendants and their counsel agree not to assert in any forum that this Action was frivolous or was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis.  No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure, or other court rule or statute, relating to the institution, prosecution, defense, or settlement of this Action.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, including through a mediation process, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or

defenses.  The Parties agree to act in good faith and take all reasonably necessary actions to effectuate the terms of the Settlement.

43.     There will be no public announcements regarding the Settlement until the earlier of: (a) Qudian making the information public; or (b) upon publicly filing the settlement with the Court pursuant to this Stipulation.  This provision will not prevent the Parties from communicating the terms of the Settlement to their experts, consultants, or co-counsel.  Plaintiffs and Plaintiffs' Counsel and Defendants and Defendants' Counsel shall not make any accusations of wrongful or actionable conduct or bad faith by either Party concerning the prosecution, defense, and resolution of the Action and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

44.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of Plaintiffs and Defendants (or their successors-in-interest).

45.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

46.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Co-Lead Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Class Members.

47.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

48.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

49.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

50.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

51.     The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate it shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

52.     Any action arising under or to enforce this Stipulation or any portion thereof shall be commenced and maintained only in the Court.

53.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

54.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

55.     Co-Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.  The Parties agree that they will not encourage or otherwise influence any Class Members to request exclusion from, or object to, the Settlement and will use their best efforts to oppose any effort by any Class Member to challenge the approval of the Settlement.

56.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

        If to Co-Lead Counsel:              Jack I. Zwick, Esq.
                                            225 Broadway, Suite 1440
                                            New York, NY 10007
                                            Telephone: (212) 385-1900
                                            Email: jack@zwickfirm.com

                                            Glancy Prongay & Murray LLP
                                            Attn: Jonathan M. Rotter, Esq.
                                            1925 Century Park East, Suite 2100
                                            Los Angeles, CA  90067
                                            Telephone: (310) 201-9150
                                            Email: jrotter@glancylaw.com

        If to Defendants:                   Simpson Thacher & Bartlett LLP
                                            Attn:  James G. Kreissman, Esq.

Stephen P. Blake, Esq.
2475 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 251-5000
Email: jkreissman@stblaw.com
      sblake@stblaw.com

O'Melveny & Myers LLP
Attn: Jonathan Rosenberg, Esq.
      William J. Sushon
7 Times Square
New York, NY  10036
Telephone: (212) 326-2000
Email: jrosenberg@omm.com
      wsushon@omm.com

Quinn Emanuel Urquhart & Sullivan, LLP
Attn: Rollo C. Baker IV
      Jesse Bernstein
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Email: rollobaker@quinnemanuel.com
      jessebernstein@quinnemanuel.com

57.     Except as otherwise provided herein, each Party shall bear its own costs.

58.     Whether or not the Stipulation is approved by the Court, and whether or not the Stipulation is consummated or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, and proceedings in connection with the Stipulation confidential.

59.     If any disputes arise out of the finalization of the Settlement, the parties will use their best efforts to resolve those disputes by expedited telephonic mediation overseen by Leigh Lasky, Esq.  Each side shall bear its own costs and expenses in connection with any such efforts.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of November 13, 2020.

41

**JACK I. ZWICK**

_____

Jack I. Zwick
225 Broadway, Suite 1440
New York, NY 10007
Phone: (212) 385-1900
Jack@zwickfirm.com

*Co-Lead Counsel for Plaintiffs and the
Putative Class*

**GLANCY PRONGAY & MURRAY LLP**


_____

Jonathan M. Rotter
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Phone: (310) 201-9150
Fax: (310) 201-9160

jrotter@glancylaw.com

*Co-Lead Counsel for Plaintiffs and the Putative
Class*

**SIMPSON THACHER & BARTLETT LLP**


_____

James G. Kreissman
Stephen P. Blake
2475 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 251-5000
Facsimile:  (650) 251-5002
jkreissman@stblaw.com
sblake@stblaw.com

*Counsel for Defendants Qudian Inc., Qufenqi
Holding Limited, Diana Arias, Min Luo, Carl
Yeung, Chao Zhu, Li Du, Shilei Li, Yi Cao,*

**JACK I. ZWICK**

_____

Jack I. Zwick
225 Broadway, Suite 1440
New York, NY 10007
Phone: (212) 385-1900
Jack@zwickfirm.com

*Co-Lead Counsel for Plaintiffs and the
Putative Class*

**GLANCY PRONGAY & MURRAY LLP**

_____

Jonathan M. Rotter
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Phone: (310) 201-9150
Fax: (310) 201-9160

jrotter@glancylaw.com

*Co-Lead Counsel for Plaintiffs and the Putative
Class*

**SIMPSON THACHER & BARTLETT LLP**

_____

James G. Kreissman
Stephen P. Blake
2475 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 251-5000
Facsimile:  (650) 251-5002
jkreissman@stblaw.com
sblake@stblaw.com

*Counsel for Defendants Qudian Inc., Qufenqi
Holding Limited, Diana Arias, Min Luo, Carl
Yeung, Chao Zhu, Li Du, Shilei Li, Yi Cao,*

**JACK I. ZWICK**

_____

Jack I. Zwick
225 Broadway, Suite 1440
New York, NY 10007
Phone: (212) 385-1900
Jack@zwickfirm.com

_Co-Lead Counsel for Plaintiffs and the
Putative Class_

**GLANCY PRONGAY & MURRAY LLP**

_____

Jonathan M. Rotter
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Phone: (310) 201-9150
Fax: (310) 201-9160

jrotter@glancylaw.com

_Co-Lead Counsel for Plaintiffs and the Putative
Class_

**SIMPSON THACHER & BARTLETT LLP**

_____

James G. Kreissman
Stephen P. Blake
2475 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 251-5000
Facsimile:  (650) 251-5002
jkreissman@stblaw.com
sblake@stblaw.com

_Counsel for Defendants Qudian Inc., Qufenqi
Holding Limited, Diana Arias, Min Luo, Carl
Yeung, Chao Zhu, Li Du, Shilei Li, Yi Cao,_

42

*Lianzhu Lv, Tianyu Zhu, Yahui Zhou, Yifan Li, Rocky Ta-Chen Lee, Min Luo, Carl Yeung, Phoenix Auspicious FinTech Investment L.P., Wa Sung Investment Limited, Joyful Bliss Limited, Ever Bliss Fund, L.P., and Kunlun Group Limited*

**O'MELVENY & MYERS LLP**

_____

Jonathan Rosenberg
William J. Sushon
7 Times Square
New York, NY  10036
Telephone:      (212) 326-2000
Facsimile:      (212) 326-2061
jrosenberg@omm.com
wsushon@omm.com

*Counsel for Defendants Morgan Stanley & Co. International plc, Credit Suisse Securities (USA) LLC, Citigroup Global Markets Inc., China International Capital Corporation Hong Kong Securities Limited, UBS Securities LLC, Stifel, Nicolaus and Company, Incorporated, Needham & Company, LLC, and Nomura Securities International, Inc.*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

_____

Rollo C. Baker IV
Jesse Bernstein
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
rollobaker@quinnemanuel.com
jessebernstein@quinnemanuel.com

*Counsel for Defendant Source Code Accelerate L.P.*

*Lianzhu Lv, Tianyu Zhu, Yahui Zhou, Yifan Li, Rocky Ta-Chen Lee, Min Luo, Carl Yeung, Phoenix Auspicious FinTech Investment L.P., Wa Sung Investment Limited, Joyful Bliss Limited, Ever Bliss Fund, L.P., and Kunlun Group Limited*

**O'MELVENY & MYERS LLP**

_____

Jonathan Rosenberg
William J. Sushon
7 Times Square
New York, NY  10036
Telephone:     (212) 326-2000
Facsimile:     (212) 326-2061
jrosenberg@omm.com
wsushon@omm.com

*Counsel for Defendants Morgan Stanley & Co. International plc, Credit Suisse Securities (USA) LLC, Citigroup Global Markets Inc., China International Capital Corporation Hong Kong Securities Limited, UBS Securities LLC, Stifel, Nicolaus and Company, Incorporated, Needham & Company, LLC, and Nomura Securities International, Inc.*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

_____

Rollo C. Baker IV
Jesse Bernstein
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
rollobaker@quinnemanuel.com
jessebernstein@quinnemanuel.com

*Counsel for Defendant Source Code Accelerate L.P.*

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE QUDIAN INC. SECURITIES LITIGATION | Master File No.: 1:17-cv-09741-JMF<br><br>Related cases:<br>1:17-cv-09796-JMF<br>1:17-cv-09903-JMF<br>1:17-cv-09875-JMF<br>1:17-cv-09894-JMF |

**[PROPOSED] ORDER PRELIMINARILY APPROVING
<u>SETTLEMENT AND PROVIDING FOR NOTICE</u>**

WHEREAS, a putative class action is pending in this Court entitled *In re Qudian Inc. Securities Litigation*, Case No. 1:17-cv-09741-JFM (the "Action")[1];

WHEREAS, lead plaintiffs Alan B. Hertz and the Alan Hertz Family 2012 Trust (collectively, "Lead Plaintiffs") and additional named plaintiff Darwin Sutanto (together with Lead Plaintiffs, the "Plaintiffs"), on behalf of themselves and the Class, and (b) defendants Qudian Inc. ("Qudian"), the Individual Defendants,[2] the Selling Shareholder Defendants,[3] and the Underwriter Defendants[4] (Qudian, the Individual Defendants, the Selling Shareholder Defendants, and the Underwriter Defendants, collectively, "Defendants" and, together with Plaintiffs, the "Parties")  have determined to settle all claims asserted against Defendants in the Action with prejudice on the terms and conditions set forth in the Stipulation, subject to approval of this Court (the "Settlement");

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Class Members as more fully described herein; and

---

[1] All capitalized terms used in this Order that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated November 13, 2020 (the "Stipulation").

[2] The Individual Defendants are Min Luo, Carl Yeung, Lianzhu Lv, Yi Cao, Shilei Li, Li Du, Chao Zhu, Tianyu Zhu, Diana Arias, Yifan Li, Rocky Ta-Chen Lee, and Yahui Zhou.

[3] The Selling Shareholder Defendants are Qufenqi Holding Limited, Phoenix Auspicious FinTech Investment L.P., Wa Sung Investment Limited, Source Code Accelerate L.P., Kunlun Group Limited, Ever Bliss Fund, L.P., and Joyful Bliss Limited.

[4] The Underwriter Defendants are Morgan Stanley & Co. International plc, Credit Suisse Securities (USA) LLC, Citigroup Global Markets Inc., China International Capital Corporation Hong Kong Securities Limited, UBS Securities LLC, Stifel, Nicolaus and Company, Incorporated, Needham & Company, LLC, and Nomura Securities International, Inc.

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.   **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Class consisting of all persons or entities that purchased or otherwise acquired Qudian American Depositary Shares ("ADS") in or traceable to Qudian's initial public offering (the "IPO") on or about October 18, 2017 (the "Class").  Excluded from the Class are: (1) persons who suffered no compensable losses; and (2) (a) Defendants; (b) the legal representatives, heirs, successors, assigns, and members of the Immediate Families of the Individual Defendants; (c) the parents, subsidiaries, assigns, successors, and predecessors of Qudian, the Underwriter Defendants, and the Selling Shareholder Defendants; (d) any persons who served as officers and/or directors of Qudian, the Underwriter Defendants, or the Selling Shareholder Defendants at the time of the IPO; (e) any entity in which any of the foregoing (a)-(d) excluded persons have or had a majority ownership interest at the time of the IPO; and (f) Defendants' liability insurance carriers.  Also excluded from the Class are any persons and entities who or which validly exclude themselves by submitting a request for exclusion that is accepted by the Court.  For avoidance of doubt, any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange-traded funds, fund of funds, and hedge funds, in which any Underwriter Defendant has or had a direct or indirect interest, or as to which its affiliates act or acted as an investment advisor, but of which any Underwriter

Defendant or any of its respective affiliates is not a majority owner or does not hold a majority beneficial interest, shall not be deemed an excluded person or entity.

2.      **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Class; (d) Plaintiffs and Co-Lead Counsel have and will fairly and adequately represent and protect the interests of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.      The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs Alan B. Hertz and the Alan Hertz Family 2012 Trust, and additional named plaintiff Darwin Sutanto, are adequate class representatives and certifies them as Class Representatives for the Class. The Court also appoints Co-Lead Counsel as Class Counsel for the Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.      **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.      **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, _____ at __:__ _.m. in Courtroom 1105, United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40

Foley Square, New York, NY 10007, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraph 7 of this Order. In light of the ongoing pandemic the Court may choose to hold the Settlement Hearing telephonically or via videoconference, in which case, notice will be provided to the Class on the settlement website that will be established for the Settlement.

6.      The Court may adjourn the Settlement Hearing without further notice to the Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

7.      **Retention of Claims Administrator and Manner of Giving Notice** – Co-Lead Counsel is hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Co-Lead Counsel as follows:

(a)     within ten (10) business days of the date of entry of this Order, Qudian shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Co-Lead Counsel, or the Claims Administrator) its reasonably available shareholder lists (consisting of names and addresses) of the purchasers or holders of Qudian ADS from the date of the IPO on or about October 18, 2017 through May 20, 2018;

(b)     not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail to potential Class Members at the addresses set forth in the records provided to the Claims Administrator by Qudian, or in the records that Qudian caused to be provided to the Claims Administrator, or who otherwise may be identified through further reasonable effort;

(c)     contemporaneously with the mailing and/or emailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)     not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily*, and to be transmitted once over the *PR Newswire*; and

(e)     not later than seven (7) calendar days prior to the Settlement Hearing, Co-Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing or emailing and of publication.

8.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S. Code § 77z–1, as amended, and all other applicable laws and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed (or emailed) and published, respectively.

9.     **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Qudian ADS in or traceable to the IPO for the benefit of another person or entity shall, (a) within ten (10) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within ten (10) calendar days of receipt of those Notice Packets forward them to all such beneficial owners or, (b) within with ten (10) calendar days of receipt of the Notice, send a list of the names and

addresses of all such beneficial owners to the Claims Administrator, in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order, in an amount not to exceed $0.20 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet; $0.05 per Notice Packet transmitted by email; or $0.10 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10. **Participation in the Settlement** – Class Members who wish to participate in the Settlement and be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred and twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Co-Lead Counsel may, at its discretion, accept for processing late Submitted Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Claim Form to the Claims Administrator (a "Submitted Claim"), a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Submitted Claim and the subject matter of the Settlement.

11. Each Submitted Claim must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions

of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Co-Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Co-Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12.     Any Class Member that does not timely and validly submit a Claim Form or whose Submitted Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; and (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13.     **Exclusion From the Class** – Any member of the Class who wishes to exclude himself, herself, or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing by EXCLUSIONS—*In re Qudian Securities*

9

*Litigation*, c/o A.B. Data., Ltd., at the address set forth in the Notice; and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion and, in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *In re Qudian Inc. Securities Litigation*, Case No. 1:17-cv-09741-JFM"; (iii) state the number of shares of Qudian ADS that the person or entity requesting exclusion purchased or otherwise acquired in or traceable to the IPO and/or sold, as well as the dates and prices of each such purchase/acquisition and sale; (iv) provide adequate supporting documentation for the transactions for which the Class Member seeks exclusion in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Co-Lead Counsel and Defendants' Counsel; and (v) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and documentation and is received within the time stated above or is otherwise accepted by the Court.  The failure of any request for exclusion to contain all of the information necessary for the Parties or the Claims Administrator to determine the loss, if any, suffered by the individual or entity seeking such exclusion will constitute sufficient grounds to deny any such request for exclusion.

14.    Any person or entity who or that timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

15.     Any Class Member who or that does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of Defendants' Releasees, as more fully described in the Stipulation and the Notice.

16.     **<u>Appearance and Objections at Settlement Hearing</u>** – Any Class Member who does not request exclusion from the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Co-Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Class Member who does not enter an appearance will be represented by Co-Lead Counsel.

17.     Any Class Member who does not request exclusion from the Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be

11

heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Co-Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

<table>
<tr><td align="center"><b><u>Co-Lead Counsel</u></b></td><td align="center"><b><u>Defendants' Counsel</u></b></td></tr>
<tr><td align="center">Jack I. Zwick, Esq.<br>225 Broadway, Suite 1440<br>New York, NY 10007<br><br>Glancy Prongay & Murray LLP<br>Jonathan M. Rotter, Esq.<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA  90067</td><td align="center">Simpson Thacher & Bartlett LLP<br>James G. Kreissman, Esq.<br>Stephen P. Blake, Esq.<br>2475 Hanover Street<br>Palo Alto, CA 94304<br><br>O'Melveny & Myers LLP<br>Jonathan Rosenberg, Esq.<br>William J. Sushon, Esq.<br>7 Times Square<br>New York, NY  10036<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>Rollo C. Baker IV, Esq.<br>Jesse Bernstein, Esq.<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010</td></tr>
</table>

18.     Any objections, filings, and other submissions by the objecting Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Class, including the number of shares of Qudian ADS that the Class Member purchased or otherwise acquired in or traceable to the IPO

and/or sold, as well as the dates and prices of each such purchase/acquisition and/or sale; (d) the name, address, and telephone number of all counsel who represent the Class Member, including former or current counsel who may be entitled to compensation in connection with the objection; (e) a statement confirming whether the Class Member and/or the Class Member's counsel plans to appear at the Settlement Hearing; (f) the name, address, and telephone number of any counsel that will appear at the Settlement Hearing; and (g) the number of times the Class Member filed an objection to a settlement in the previous five years and the nature of each objection to each settlement in which the Class Member filed an objection in the previous five years.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include, in their written objection or notice of appearance, the identity of any witnesses they may call to testify, and any exhibits they intend to introduce into evidence at the hearing.

19.    Any Class Member who or that does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20.    **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the

Settlement should be approved, the Court bars and enjoins Plaintiffs and all other members of the Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of Defendants' Releasees.

21.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Class Members and notifying them of the Settlement, as well as in administering the Settlement, shall be paid as set forth in the Stipulation without further order of the Court.

22.     **Settlement Fund** – The contents of the Settlement Fund held by Huntington National Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23.     **Taxes** – Co-Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of October 14, 2020, as provided in the Stipulation.

25. **Use of this Order** – Neither this Order, the Settlement Term Sheet, the Stipulation (whether or not the Settlement is consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Settlement Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Settlement Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of Defendants' Releasees as evidence of, construed as, or deemed to be evidence of any presumption, concession, or admission by any of Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any Claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation or of any liability, negligence, fault, or other wrongdoing of any kind of any of Defendants' Releasees, or in any way referred to for any other reason as against any of Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees as evidence of, construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of Defendants' Releasees had meritorious defenses, or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees

as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount that could be or would have been recovered after trial; *provided, however*, that, if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

26.     **Supporting Papers** – Co-Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing, and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

27.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2020.


                              _____
                                   The Honorable Jesse M. Furman
                                   United States District Judge

**Exhibit A-1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE QUDIAN INC. SECURITIES LITIGATION | Master File No.: 1:17-cv-09741-JMF<br><br>Related cases:<br>1:17-cv-09796-JMF<br>1:17-cv-09903-JMF<br>1:17-cv-09875-JMF<br>1:17-cv-09894-JMF |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT;
(II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF
ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

***A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.***

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of New York (the "Court") if you purchased or otherwise acquired Qudian Inc. ("Qudian") American Depositary Shares ("ADS") in or traceable to Qudian's initial public offering on or about October 18, 2017 (the "IPO").[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiffs Alan B. Hertz and the Alan Hertz Family 2012 Trust (collectively, "Lead Plaintiffs") and additional named plaintiff Darwin Sutanto (collectively with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the Class (as defined in ¶ 26 below), have reached a proposed settlement of the Action for $8,500,000 that, if approved, will resolve all claims in the Action (the "Settlement"). This Action is separate from three other class action lawsuits that were filed on behalf of Qudian ADS purchasers in (i) California Superior Court, San Mateo County, and (ii) New York Supreme Court, New York County, respectively (collectively, the "State Court Actions").[2]  There has not

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated November 13, 2020 (the "Stipulation"), which is available at www.QudianSecuritiesSettlement.

[2] The State Court Actions are: (i) *Song v. Qudian Inc. et al.* (18CIV01425), filed in the California Superior Court for the County of San Mateo on March 21, 2018; (ii) *Panther Partners Inc. v. Qudian Inc. et al.* (Index No. 651804/2018), filed in the Supreme Court of the State of New York for the County of New York on April 13, 2018; and (iii) *The Morrow Property Trust v. Qudian Inc. et al.* (Index No. 653047), filed in the Supreme Court of the State of New York for the

1

been, and may not be, a recovery in the State Court Actions.  Moreover, absent a valid exclusion request, approval of the Settlement in this Action will eliminate the ability of any member of the Class to assert Released Plaintiffs' Claims in the State Court Actions or in any other court or forum.  You may not participate in both this Settlement and the State Court Actions.

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of proceeds from the Settlement.  If you are a member of the Class, your legal rights will be affected if you do not act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, Qudian, any other defendants in the Action, or their counsel.  All questions should be directed to Co-Lead Counsel or the Claims Administrator (*see* ¶ 86 below).**

1.   **Description of the Action and the Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Qudian, the Individual Defendants,[3] the Selling Shareholder Defendants,[4] and the Underwriter Defendants[5] (collectively, the "Defendants") violated the federal securities laws by making false and misleading statements and omissions in the Registration Statement for Qudian's IPO.  A more detailed description of the Action is set forth in paragraphs 11-25 below.  The proposed Settlement, if approved by the Court, will settle claims of the Class, as defined in paragraph 26 below.

2.   **Statement of the Class's Recovery:**  Subject to Court approval, Plaintiffs, on behalf of themselves and the Class, have agreed to settle the Action in exchange for a settlement payment of $8,500,000 (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which

---

County of New York on June 18, 2018.  All of the State Court Actions were subsequently stayed in light of the first-filed Action.  The plaintiffs in the two New York state court actions later moved to lift the stay, which was denied.  That decision is currently on appeal in the Supreme Court of the State of New York, First Appellate Division.

[3] The Individual Defendants are Min Luo, Carl Yeung, Lianzhu Lv, Yi Cao, Shilei Li, Li Du, Chao Zhu, Tianyu Zhu, Diana Arias, Yifan Li, Rocky Ta-Chen Lee, and Yahui Zhou.

[4] The Selling Shareholder Defendants are Qufenqi Holding Limited, Phoenix Auspicious FinTech Investment L.P., Wa Sung Investment Limited, Source Code Accelerate L.P., Kunlun Group Limited, Ever Bliss Fund, L.P., and Joyful Bliss Limited.

[5] The Underwriter Defendants are Morgan Stanley & Co. International plc, Credit Suisse Securities (USA) LLC, Citigroup Global Markets Inc., China International Capital Corporation Hong Kong Securities Limited, UBS Securities LLC, Stifel, Nicolaus and Company, Incorporated, Needham & Company, LLC, and Nomura Securities International, Inc.

2

will determine how the Net Settlement Fund shall be allocated among members of the Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 15-20 below.

3. **Estimate of Average Amount of Recovery Per Share:** Plaintiffs estimate that approximately 123.9 million shares of Qudian ADS may have been affected by the conduct allegedly at issue in the Action. If all eligible Class Members elect to participate in the Settlement, the estimated average recovery would be approximately $0.07 per affected ADS (before the deduction of any Court-approved fees, expenses, and costs as described herein). Class Members should note, however, that the foregoing is only an estimate. Some Class Members may recover more or less than these estimated amounts, depending on, among other factors, when and at what prices they purchased/acquired or sold/disposed of their Qudian ADS and the total number of valid Claim Forms submitted. Distributions to Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 15-20 below) or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with Plaintiffs' allegation that Defendants violated the federal securities laws or that any damages were suffered by any members of the Class as a result of their alleged conduct.

5. **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2017, have not received any payment of attorneys' fees for their representation of the Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Co-Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33⅓% of the Settlement Fund (which includes accrued interest). In addition, Co-Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution, and resolution of the claims against the Defendants, in an amount not to exceed $225,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses. If the maximum amounts are requested and the Court approves Co-Lead Counsel's fee and expense application, the estimated average amount of fees and expenses, assuming claims are filed for all affected shares, will be approximately $0.04 per affected Qudian ADS.

6. **Identification of Class Counsel:** Plaintiffs and the Class are represented by Co-Lead Counsel Jack I. Zwick and Glancy Prongay & Murray LLP.

7. **Reasons for the Settlement:** Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all

allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 202_.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Class Member and you remain in the Class, you will be bound by the Settlement as approved by the Court, and you will give up any Released Plaintiffs' Claims (defined in ¶ 35 below) that you have against Defendants' Releasees (defined in ¶ 36 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 202_.** | If you exclude yourself from the Class, you will not be eligible to receive any payment from the Settlement Fund. Excluding yourself from the Class is the only option that allows you ever to be part of any other lawsuit against any of Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 202_.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Class Member and do not exclude yourself from the Class. |
| **GO TO A HEARING ON _____, 2020 AT __:__ __.M., AND FILE AN OBJECTION AND A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 202_.** | Filing a written objection and notice of intention to appear by _____, 202_ allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement, and you will be bound by any judgments or orders entered by the Court in the Action. |

| **WHAT THIS NOTICE CONTAINS** |
|---|

| | |
|---|---|
| Why Did I Get This Notice? | Page __ |
| What Is This Case About? | Page __ |
| How Do I Know If I Am Affected By The Settlement? | |
|    Who Is Included In The Class? | Page __ |
| What Are Plaintiffs' Reasons For The Settlement? | Page __ |
| What Might Happen If There Were No Settlement? | Page __ |
| How Are Class Members Affected By The Action | |
|   And The Settlement? | Page __ |
| How Do I Participate In The Settlement?  What Do I Need To Do? | Page __ |
| How Much Will My Payment Be? | Page __ |
| What Payment Are The Attorneys For The Class Seeking? | |
|  How Will The Lawyers Be Paid? | Page __ |
| What If I Do Not Want To Be A Member Of The Class? | |
|   How Do I Exclude Myself? | Page __ |
| When And Where Will The Court Decide Whether To Approve The Settlement? | |
|   Do I Have To Come To The Hearing?  May I Speak At The Hearing If I | |
|   Don't Like The Settlement? | Page __ |
| What If I Bought Shares On Someone Else's Behalf? | Page __ |
| Can I See The Court File?  Whom Should I Contact If I Have Questions? | Page __ |

| **WHY DID I GET THIS NOTICE?** |
|---|

8.     The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired one or more shares of Qudian ADS in or traceable to Qudian's IPO.  The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.     The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, how to file a claim form, how to object to the Settlement, and how to exclude yourself from the Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  *See* paragraph 77 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.    Qudian is a leading online "micro-lender" located in China.  Micro-lenders typically provide small loans to consumers.  The Action arises out of alleged misrepresentations and omissions contained in the Registration Statement for Qudian's October 2017 IPO.

12.    The Action is the consolidation of several actions filed in the Southern District of New York in December 2017.  The Court consolidated the proceedings in a single action entitled *In re Qudian Securities Litigation*, Case No. 1:17-cv-09741-JFM.

13.    On March 16, 2018, the Court appointed Alan B. Hertz and the Alan Hertz Family 2012 Trust as Lead Plaintiffs for the Action pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  The Court also approved Lead Plaintiffs' selection of Jack I. Zwick and Glancy Prongay & Murray LLP as Co-Lead Counsel for the putative class.

14.    On July 27, 2018, Lead Plaintiffs filed the Second Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws (the "Second Amended Complaint"), asserting claims under Sections 11, 12(a)(2), and 15 of the Securities Act of 1934 (the "Securities Act").  Among other things, the Second Amended Complaint alleges that Defendants violated the Securities Act by failing to disclose a pre-IPO plan for Qudian to launch an auto finance business called "Dabai Auto" and thus misrepresented the true state of Qudian's business, operations, and risks Qudian was facing at the time of its IPO.  In addition, the Second Amended Complaint alleges separate misrepresentations or omissions concerning (i) Qudian's alleged lending to college students in violation of Chinese law, (ii) Qudian's allegedly aggressive and unlawful debt collection practices, (iii) allegedly excessive penalty fees that exceeded the statutory limit, and (iv) an alleged data breach and failure to disclose inadequate data security.  The Second Amended Complaint further alleges that, as a result of the alleged misrepresentations and omissions, the price of Qudian's ADS was artificially inflated, and declined when the truth was revealed.

15.    On October 12, 2018, Defendants moved to dismiss the Second Amended Complaint for failure to state a claim.  Among other things, Defendants argued that Lead Plaintiffs failed to plead the existence of a materially false or misleading statement or omission.

16.    On September 27, 2019, in a 19-page opinion, the Court granted in part and denied in part Defendants' motion to dismiss.  The Court granted the motion with respect to all of Lead Plaintiffs' allegations except the claim concerning Dabai Auto.  Noting that, *inter alia*, Qudian's IPO Registration Statement contained extensive risk disclosures concerning the alleged lending to college students, aggressive debt collection practices, excessive penalty fees, and potential data security flaws, the Court held that Lead Plaintiffs failed to allege an actionable

6

misrepresentation or omission, but granted Lead Plaintiffs leave to amend. Finally, with respect to Dabai Auto, the Court held that, "[a]lthough the question is a close one, drawing all inferences in Plaintiffs' favor, the Court concludes from the totality of the facts alleged in the Complaint . . . that Plaintiffs plausibly allege that Qudian knew or should have known that it would use the proceeds to fund Dabai Auto at the time of the IPO and, therefore, that they plausibly state claims under this theory."

17.     On October 17, 2019, the parties filed a joint stipulation in which Lead Plaintiffs stated that they did not wish to amend the Second Amended Complaint, but did wish to file a motion for reconsideration of the Court's order granting Defendants' motion to dismiss with respect to Lead Plaintiffs' data security claim. On November 8, 2019, Lead Plaintiffs filed the motion for reconsideration, which Defendants opposed. On July 10, 2020, the Court denied the motion for reconsideration, and reaffirmed its original conclusions concerning the data security claim.

18.     On August 10, 2020, Qudian and certain other Defendants who had joined in the original motion to dismiss filed their Answer to the Second Amended Complaint. The same day, certain additional Defendants who had not yet been served at the time of the original motion to dismiss filed their own motion to dismiss the Second Amended Complaint, either in whole or in part, on additional grounds.

19.     In May 2020, before the Court had ruled on Lead Plaintiffs' motion for reconsideration and before the additional motions to dismiss set forth above had been filed, the Parties agreed to participate in a private mediation. The Parties selected longtime mediator Leigh Lasky, Esq. The Parties exchanged extensive mediation statements and exhibits that addressed, among other things, issues related to liability and damages. The Parties participated in two lengthy remote mediation sessions on May 11-12, 2020. The sessions ended without an agreement to settle.

20.     Over the course of the next five months, the Parties continued to work with Mr. Lasky to explore whether a settlement was possible. After exhaustive negotiations, Mr. Lasky made a mediator's proposal, pursuant to which the Action would be settled for $8,500,000. The Parties thereafter accepted the mediator's proposal.

21.     The Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties to fully and finally settle and release all claims that were asserted or could have been asserted in the Action in return for a cash payment by or on behalf of Defendants of $8,500,000 for the benefit of the Class.

22.     Based upon their investigation, prosecution, and mediation of the case, Plaintiffs and Co-Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Plaintiffs and the other members of the Class and in their best interests. Based on Plaintiffs' oversight of the prosecution of this matter and with the advice of their counsel, Plaintiffs have agreed to settle and release the claims that were asserted or could have been asserted in the Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Plaintiffs and the other members of the Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

23.    The Stipulation constitutes a compromise of matters that are in dispute between the Parties.  Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further litigation.  Each of the Defendants denies any wrongdoing, and neither this Notice nor the Stipulation shall in any event be construed or deemed to be evidence of or an admission or concession on the part of any of Defendants' Releasees with respect to any claim or allegation of any fault, liability, wrongdoing, or damage whatsoever or any infirmity in the defenses that Defendants have, or could have, asserted.  Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  Similarly, neither this Notice nor the Stipulation is evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted in the Action or an admission or concession that any of the Defendants' defenses to liability had any merit.

24.    Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed, and prosecuted by Plaintiffs in good faith and defended by Defendants in good faith, that the Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate, and reasonable.

25.    On _____, 2020, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

| HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE CLASS? |
| --- |

26.    If you are a member of the Class, you are subject to the Settlement, unless you timely request to be excluded.  The Class consists of:

> all persons or entities that purchased or otherwise acquired Qudian American Depositary Shares ("ADS") in or traceable to Qudian's initial public offering on or about October 18, 2017.

Excluded from the class are: (1) persons who suffered no compensable losses; and (2) (a) Defendants; (b) the legal representatives, heirs, successors, assigns, and members of the Immediate Families of the Individual Defendants; (c) the parents, subsidiaries, assigns, successors, and predecessors of Qudian, the Underwriter Defendants, and the Selling Shareholder Defendants; (d) any persons who served as officers and/or directors of Qudian, the Underwriter Defendants, or the Selling Shareholder Defendants at the time of the IPO; (e) any entity in which any of the foregoing (a)-(d) excluded persons have or had a majority ownership interest at the time of the IPO; and (f) Defendants' liability insurance carriers.  For avoidance of doubt, any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange-traded funds, fund of funds, and hedge funds, in which any Underwriter Defendant has or had a direct or indirect interest, or as to which its affiliates act or acted as an investment advisor, but of which any Underwriter Defendant or any of its respective affiliates is

not a majority owner or does not hold a majority beneficial interest, shall not be deemed an excluded person or entity.  Also excluded from the Class are any persons and entities who or that validly exclude themselves by submitting a request for exclusion that is accepted by the Court.  *See* "What If I Do Not Want To Be A Member Of The Class?  How Do I Exclude Myself," on page 20 below.

**PLEASE NOTE:  CONSISTENT WITH THE CLASS DEFINITION, TO BE ELIGIBLE TO RECEIVE A DISTRIBUTION UNDER THE PROPOSED PLAN OF ALLOCATION, INVESTORS MUST HAVE HAD A COMPENSABLE LOSS AS A RESULT OF THE PURCHASE OR OTHER ACQUISITION OF QUDIAN ADS PRIOR TO MAY 21, 2018, WHICH WAS THE DATE OF THE FINAL ALLEGED DISCLOSURE CONCERNING DABAI AUTO, AND IS THE FIRST REPORTED DATE OF A POST-IPO SALE OF QUDIAN ADS BY INSIDERS (THE REGISTRATION STATEMENT DISCLOSED THAT LOCK-UP AGREEMENTS ENTERED INTO IN CONNECTION WITH QUDIAN'S IPO WOULD EXPIRE 180 DAYS THEREAFTER ON APRIL 16, 2018).**

**PLEASE FURTHER NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU ARE A CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2020.**

**PLEASE ALSO NOTE THAT THE ACTION IS SEPARATE FROM THREE OTHER CLASS ACTION LAWSUITS THAT WERE FILED ON BEHALF OF QUDIAN ADS PURCHASERS IN (I) CALIFORNIA SUPERIOR COURT, SAN MATEO COUNTY, AND (II) NEW YORK SUPREME COURT, NEW YORK COUNTY, RESPECTIVELY (COLLECTIVELY, THE "STATE COURT ACTIONS").  THERE HAS NOT BEEN, AND MAY NOT BE, A RECOVERY IN THE STATE COURT ACTIONS.  MOREOVER, ABSENT A VALID EXCLUSION REQUEST, APPROVAL OF THE SETTLEMENT IN THIS ACTION WILL ELIMINATE THE ABILITY OF ANY MEMBER OF THE CLASS TO ASSERT RELEASED PLAINTIFFS' CLAIMS IN THE STATE COURT ACTIONS OR IN ANY OTHER COURT OR FORUM.  YOU MAY NOT PARTICIPATE IN BOTH THIS SETTLEMENT AND THE STATE COURT ACTIONS.**

| WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
| --- |

27.   Plaintiffs and Co-Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.  The Court's decision on the motion

to dismiss left only one actionable alleged false and misleading statement – Defendants'
purported omission regarding Dabai Auto. And, with respect to the Dabai Auto claim, Plaintiffs
and Co-Lead Counsel recognized that Defendants had numerous factual and legal defenses that
could preclude any recovery. For example, Defendants would assert that the omission was not
materially misleading, and that the Dabai Auto business was only under consideration at the time
of the IPO, and therefore, was properly excluded from the offering materials. Indeed, in the
Court's decision granting in part and denying in part Qudian's and Qufenqi Holding Limited's
motion to dismiss, the Court stated that the question of whether Defendants should have included
information concerning Dabai Auto in the offering materials was a "close one." As a result,
Plaintiffs faced the very real risk that a jury would conclude that statements alleged to be
materially false and misleading were not. Even if the hurdles to establishing liability were
overcome, the amount of damages that could be attributed to the allegedly false statement would
be hotly contested because Defendants have strongly argued that broader economic and
regulatory developments caused Qudian's stock price declines, not the disclosure of information
concerning Dabai Auto. Plaintiffs would also have had to prevail at several other litigation
stages, including summary judgment and trial and, if they prevailed at those stages, on the
appeals that were likely to follow, in order to recover money for the Class. In short, there were
very significant risks attendant to the continued prosecution of the Action, and no guarantee that
an amount greater than $8,500,000 would be recovered or that there would be any recovery at
all.

28.    In light of these risks, the amount of the Settlement, and the immediacy of recovery to the
Class, Plaintiffs and Co-Lead Counsel believe that the proposed Settlement is fair, reasonable
and adequate, and in the best interests of the Class. Plaintiffs and Co-Lead Counsel believe that
the Settlement provides a substantial benefit to the Class, namely $8,500,000 (less the various
deductions described in this Notice), as compared to the risk that the claims in the Action would
produce a smaller recovery, or no recovery at all, after summary judgment, trial, and appeals,
possibly years in the future.

29.    Defendants have denied the claims asserted against them in the Action and deny having
engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed
to the Settlement solely to eliminate the burden and expense of continued litigation.
Accordingly, the Settlement may not be construed as an admission of any wrongdoing by
Defendants.

## WHAT MIGHT HAVE HAPPENED IF THERE WERE NO SETTLEMENT?

30.    If there were no Settlement and Plaintiffs failed to establish any essential legal or factual
element of their claims against Defendants, neither Plaintiffs nor the other members of the Class
would recover anything from Defendants. Also, if Defendants were successful in proving any of
their defenses, either at summary judgment, at trial, or on appeal, the Class could recover
substantially less than the amount provided in the Settlement or nothing at all. Alternatively,
Plaintiffs and the Class may have recovered more than the amount provided in the Settlement if
they prevailed on all of the factual and legal elements of their claims.

| HOW ARE CLASS MEMBERS AFFECTED |
|---|
| BY THE ACTION AND THE SETTLEMENT? |

31.   As a Class Member, you are represented by Plaintiffs and Co-Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but, if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

32.   If you are a Class Member and do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Class?  How Do I Exclude Myself?," below.

33.   If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Co-Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

34.   If you are a Class Member and you do not exclude yourself from the Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs' Releasees (regardless of whether any such person ever seeks or obtains by any means, including without limitation by submitting a Claim Form, any disbursement from the Settlement) shall be deemed to have, and by operation of the final judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims against the Defendants' Releasees, whether served or unserved with any complaint in the Action, and shall have covenanted not to sue the Defendants' Releasees with respect to all such Released Plaintiffs' Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Plaintiffs' Claims, either directly, representatively, derivatively, or in any other capacity, against any of the Defendant Releasees. This release shall not apply to any person or entity who or that submits a request for exclusion from the Class that is accepted by the Court.

35.   "Released Plaintiffs' Claims" means any and all Claims, including Unknown Claims, that have been, could have been, or in the future can or might be asserted in any federal, state, or foreign court, tribunal, forum, or proceeding by or on behalf of Plaintiffs or any Plaintiffs' Releasees against any one or more of the Defendants' Releasees, regardless of whether any such Defendant Releasee was named, served with process, or appeared in the Action, which directly or indirectly arise out of or relate to (i) any of the allegations, acts, transactions, facts, events, matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to in the Action, or which could have been alleged in the Action, and (ii) arise out of, are based upon, or relate in any way to the purchase, acquisition, holding, sale, or disposition of any Qudian ADS

11

acquired in or traceable to Qudian's initial public offering, including common shares converted therefrom.  Released Plaintiffs' Claims do not include: (i) any claims to enforce the terms of the Settlement; or (ii) any claims of any person or entity who or that validly submits a request for exclusion that is accepted by the Court.

36.  "Defendants' Releasees" means (i) Qudian and its past, present, and future, direct or indirect, parent entities, associates, affiliates, and subsidiaries, each and all of their respective past, present, and future directors, officers, partners, stockholders, predecessors, successors and employees, and, in their capacity as such, each and all of their underwriters, advisors, attorneys, auditors, consultants, trustees, insurers, co-insurers, reinsurers, representatives, and assigns; (ii) the Individual Defendants and their respective present, past, and future spouses, parents, siblings, children, grandparents, and grandchildren, the present, past and future spouses of their respective parents, siblings, and children, and the present, past, and future parents and siblings of their respective spouses, including step and adoptive relationships; (iii) the Selling Shareholder Defendants and each of their past, present, and future, direct, or indirect, parent entities, associates, affiliates, and subsidiaries, each and all of their respective past, present, and future directors, officers, partners, stockholders, predecessors, successors, and employees, and, in their capacity as such, each and all of their underwriters, advisors, attorneys, auditors, consultants, trustees, insurers, co-insurers, reinsurers, representatives, and assigns; (iv) the Underwriter Defendants and each of their past, present, and future, direct or indirect, parent entities, associates, affiliates, and subsidiaries, each and all of their respective past, present, and future directors, officers, partners, stockholders, predecessors, successors, and employees, and, in their capacity as such, each and all of their underwriters, advisors, attorneys, auditors, consultants, trustees, insurers, co-insurers, reinsurers, representatives, and assigns; (v) any and all persons, firms, trusts, corporations, and other entities in which any of the Defendants or any past, present, and future directors or officers of Qudian, the Selling Shareholder Defendants, or the Underwriter Defendants has a financial interest or was a sponsor, founder, settler, or creator of the entity, and, in their capacity as such, any and all officers, directors, employees, trustees, beneficiaries, settlers, creators, attorneys, consultants, agents, or representatives of any such person, firm, trust, corporation, or other entity; and (vi) in their capacity as such, the legal representatives, heirs, executors, administrators, predecessors, successors, predecessors-in-interest, successors-in-interest, and assigns of any of the foregoing.

37.  "Unknown Claims" means any Released Claims that any Plaintiff, any other Class Member, or each of the Defendants or any of the other Releasees does not know or suspect to exist in his, her, or its favor at the time of the release, which, if known by him, her, or it, might have affected his, her, or its decision to settle with and release any of the other Releasees, or might have affected his, her, or its decision not to opt-out or object to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and each of the Defendants shall expressly waive, and each of the other Class Members and Releasees shall be deemed to have waived, and by operation of the final judgment shall have waived, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or
> releasing party does not know or suspect to exist in his or her favor

at the time of executing the release and that, if known by him or
her, would have materially affected his or her settlement with the
debtor or released party.

Plaintiffs and each of the Defendants shall expressly waive, and each of the other Class Members
and Releasees shall be deemed to have, and by operation of the final judgment shall have,
expressly waived, any and all provisions, rights and benefits conferred by any law of any state,
territory, foreign country, or principle of common law that is similar, comparable, or equivalent
to California Civil Code § 1542.  Plaintiffs, any other Class Member, Defendants, and their
respective Releasees may hereafter discover facts in addition to or different from those that he,
she, or it now knows or believes to be true with respect to the subject matter of the Released
Claims, but the Parties stipulate and agree that, upon the Effective Date of the Settlement,
Plaintiffs and each of the Defendants shall expressly waive, and each of the other Class Members
and Releasees shall be deemed to have waived, and by operation of the final judgment shall
have, fully, finally, and forever settled and released, any and all Released Claims, known or
unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or
hidden, which now exist, or heretofore have existed, upon any theory of law or equity now
existing or coming into existence in the future, including, but not limited to, conduct that is
negligent, intentional, with or without malice, or a breach of fiduciary duty, law, or rule, without
regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs
and each of the Defendants acknowledge, and each of the other Class Members and each of the
other Releasees shall be deemed by operation of the final judgment to have acknowledged, that
the foregoing waiver was separately bargained for and a key element of the Settlement of which
this release is a part.

38.   The Judgment will also provide that, upon the Effective Date of the Settlement,
Defendants, on behalf of themselves and each of their respective heirs, executors, administrators,
predecessors, successors, assigns, parents, subsidiaries, trusts, successors, employees,
representatives, administrators, executors, trustees, devisees, legatees, estates, affiliates, current
and former officers and directors, agents, fiduciaries, beneficiaries or legal representatives, in
their capacities as such, and any other person or entity legally entitled to bring Released
Defendants' Claims (as defined in ¶ 39 below) on behalf of any Defendant, in that capacity, shall
be deemed to have, and by operation of law and the final judgment shall have, fully, finally, and
forever released, relinquished, and discharged all Released Defendants' Claims against
Plaintiffs' Releasees (as defined in ¶ 40 below) and shall have covenanted not to sue Plaintiffs'
Releasees with respect to all such Released Defendants' Claims, and shall be permanently barred
and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in
any way participating in the commencement or prosecution of any action or other proceeding, in
any forum, asserting any Released Defendants' Claim, either directly, representatively,
derivatively, or in any other capacity, against any of Plaintiffs' Releasees.  This release shall not
apply to any person or entity who or which submits a request for exclusion from the Class that is
accepted by the Court.

39.   "Released Defendants' Claims" means any and all Claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the Action.  Released Defendants' Claims do not include: (i) any claims to enforce the terms of the Settlement; or (ii) any claims of any person or entity who or which validly submits a request for exclusion that is accepted by the Court.

40.   "Plaintiffs' Releasees" means Plaintiffs, all other plaintiffs in the Action, their respective attorneys, and all other members of the Class and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, trusts, successors, assigns, attorneys, current and former officers and directors, employees, heirs, representatives, administrators, executors, trustees, devisees, legatees, beneficiaries, and estates, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

41.   To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than _____, 202_**.  A Claim Form is included with this Notice, you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.QudianSecuritiesSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-877-884-2550.  Please retain all records of your ownership of and transactions in Qudian ADS, as they may be needed to document your Claim.  If you request exclusion from the Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

42.   At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

43.   Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid eight million five hundred thousand dollars ($8,500,000).  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Class Members and administering the Settlement on behalf of Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

44.   The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, all Claim Forms are processed, and the time for any petition for rehearing, appeal, or review, whether by *certiorari* or otherwise, has expired.

45.   Neither Qudian nor any other person or entity that paid any portion of the Settlement Amount are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

46.   Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the validity of the Settlement, if approved.

47.   Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked on or before _____, 202_ shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 35 above) against Defendants' Releasees (as defined in ¶ 36 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any Defendants' Releasee whether or not such Class Member submits a Claim Form.

48.   Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Qudian ADS held through the ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan.  Claims based on any ERISA Plan's purchases or acquisitions of Qudian ADS may be made by the ERISA Plan's trustees.  To the extent any of the Defendants or any of the other persons or entities excluded from the Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

49.   The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

50.   Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

51.   Only Class Members will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Class by definition or that exclude themselves from the Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.  Qudian ADS are the only securities that are included in the Settlement.

## PROPOSED PLAN OF ALLOCATION

52.     To be eligible to receive a distribution under the Plan of Allocation, you must have

purchased or otherwise acquired Qudian ADS prior to May 21, 2018, which is the date of the final alleged disclosure concerning Dabai Auto, and is the first reported date of a post-IPO sale of Qudian ADS by insiders (the Registration Statement disclosed that lock-up agreements entered into in connection with Qudian's IPO would expire 180 days thereafter (*i.e.*, April 16, 2018))..

53.    Plaintiffs' Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Court may approve the Plan of Allocation proposed by Plaintiffs with or without modifications agreed to among the parties, or may approve another plan of allocation, without further notice to Class Members.  Any order modifying the Plan of Allocation will be posted on the settlement website, www.QudianSecuritiesSettlement.com.

54.    The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement.  The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

55.    The Plan of Allocation was developed in consultation with Plaintiffs' damages expert.  In developing the Plan of Allocation, Plaintiffs' damages expert calculated the estimated declines in the price of Qudian ADS that were allegedly proximately caused by Defendants' alleged omissions in the Offering Materials.[6]  In calculating the estimated declines in the price of Qudian ADS, Plaintiffs' damages expert considered the price changes in Qudian ADS in reaction to the alleged disclosure events, adjusting the price changes for factors that were attributable to market, foreign market, industry, or foreign exchange forces, and for non-fraud related Qudian-specific information.  The price changes in Qudian ADS in reaction to the alleged disclosure events were further adjusted by counsel for Plaintiffs to account for the risks of succeeding on claims at trial and appeal.

56.    In order to have recoverable damages under the Plan of Allocation, the alleged disclosure

---

[6] The "Offering Materials," as that term is used in the Plan of Allocation, refers collectively to the following documents: Qudian Inc., Form F-1, filed 18 September 2017; Qudian Inc., Form F-1/A, filed 25 September 2017; Qudian Inc., Form F-1/A, filed 3 October 2017; Qudian Inc., Form F-1/A, filed 13 October 2017; and Qudian, Inc., Form 424B4, filed 18 October 2017.  The Plan of Allocation weights the November 2017 disclosures of the data breach at 11.6%, the average reversal rate for the relevant category of cases, because the Court denied Plaintiffs' motion for reconsideration of that claim, and the May 21, 2018 Dabai disclosure at 88.4%, since the Court denied Defendants' motion to dismiss as to that claim.

events must be the cause of the declines in the prices of the Qudian ADS.  In this case, the Plan of Allocation is based on Plaintiffs' allegation of disclosure events that impacted the price of Qudian ADS on November 20, 2017, November 21, 2017, November 22, 2017, November 24, 2017 (all related to the alleged data breach), and May 21, 2018 (related to Dabai Auto) (collectively, the "disclosure events").[7]  In order to have a "Recognized Loss Amount" under the Plan of Allocation, shares of the Qudian ADS must have been held through at least one of these disclosure events.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

57.   Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Qudian ADS made pursuant or traceable to the Offering Materials that is listed on the Claim Form and for which adequate documentation is provided. If a "Recognized Loss Amount" calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero.  The sum of each Class Member's "Recognized Loss Amounts" shall be the "Recognized Claim" for each Class Member.

58.   For each Qudian ADS purchased or otherwise acquired prior to May 21, 2018, pursuant or traceable to the Offering Materials, and:

(a)  Sold prior to November 20, 2017, the Recognized Loss Amount per ADS is zero.

(b)  Sold on or after November 20, 2017, and up to and including July 27, 2018, the Recognized Loss Amount per ADS shall be the *least* of: (i) the purchase price *less* the sales price, (ii) the offering price ($24.00) *less* the sales price, and (iii) the value presented in Table A below.

(c)  Held as of the close of trading on July 27, 2018, the Recognized Loss Amount per ADS shall be the *lesser* of: (i) the purchase price *less* $8.34 (the closing price on July 27, 2018); and (ii) the value presented in Table A below.

59.   For each Qudian ADS purchased or otherwise acquired on or after May 21, 2018, the Recognized Loss Amount per ADS is zero.

---

[7] Unless otherwise indicated, any transactions in Qudian ADS executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

**Table A**

| Purchase Date | Date of Sale | | | | | |
|---|---|---|---|---|---|---|
| | 18 October 2017 through 19 November 2017 | 20 November 2017 | 21 November 2017 | 22 November 2017 through 23 November 2017 | 24 November 2017 through 20 May 2018 | Sold on or Retained Beyond 21 May 2018 |
| 18 October 2017 through 19 November 2017 | $0.00 | $0.12 | $0.21 | $0.46 | $0.62 | $1.22 |
| 20 November 2017 | | $0.00 | $0.09 | $0.34 | $0.50 | $1.10 |
| 21 November 2017 | | | $0.00 | $0.25 | $0.41 | $1.01 |
| 22 November 2017 through 23 November 2017 | | | | $0.00 | $0.16 | $0.76 |
| 24 November 2017 through 20 May 2018 | | | | | $0.00 | $0.60 |
| Purchased on or After 21 May 2018 | | | | | | $0.00 |

## ADDITIONAL PROVISIONS

60.    The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 68 below) is $10.00 or greater.

61.    A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her, or its Recognized Loss Amounts for all of the Qudian ADS.

62.    The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  Given the costs of distribution, if any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

63.    In the event a Class Member has more than one purchase or sale of Qudian ADS pursuant or traceable to the initial public offering, all such purchases and sales shall be matched on a First-In First-Out ("FIFO") basis.  Purchases or acquisitions and sales of Qudian ADS shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of Qudian ADS shall not be deemed a purchase, acquisition, or sale of Qudian ADS for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any Qudian ADS unless (i) the donor or

18

decedent purchased or otherwise acquired such Qudian ADS on or before April 15, 2018; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Qudian ADS; and (iii) it is specifically so provided in the instrument of gift or assignment.   The receipt of Qudian ADS in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Qudian ADS.

64.    The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Qudian ADS.  The date of a "short sale" is deemed to be the date of sale of the Qudian ADS. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a Claimant has an opening short position in an Qudian ADS, the earliest purchases or acquisitions of that security shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

65.    Option contracts are not securities eligible to participate in the Settlement.  With respect to Qudian ADS purchased or sold through the exercise of an option, the purchase/sale date of the Qudian ADS is the exercise date of the option and the purchase/sale price of the Qudian ADS is the exercise price of the option.

66.    To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Qudian ADS purchased or otherwise acquired in or traceable to the IPO, the value of the Claimant's Recognized Claim shall be zero.  Such Claimants shall in any event be bound by the Settlement.  To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Qudian ADS purchased or otherwise acquired in or traceable to the IPO, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

67.    For purposes of determining whether a Claimant had a market gain from his, her, or its overall transactions in the Qudian ADS purchased or otherwise acquired in or traceable to the IPO or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[8] and (ii) the Total Sales Proceeds[9] and Holding Value.[10]  This difference shall be deemed a Claimant's market gain or loss with respect to his, her, or its overall transactions in Qudian ADS purchased or otherwise acquired in or traceable to the IPO.

68.    After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Co-

---

[8] The "Total Purchase Amount" is the total amount the Claimant paid for all Qudian ADS purchased or otherwise acquired in or traceable to the IPO.

[9] A Claimant's "Total Sales Proceeds" shall be the total amounts received from sales of shares of Qudian ADSs purchased or otherwise acquired in or traceable to the IPO.

[10] The Claims Administrator will ascribe a value of $8.34 per Qudian ADS purchased or otherwise acquired in or traceable to the IPO and still held as of the close of trading on 27 July 2018 (the "Holding Value").

Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including, for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.   Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Co-Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.   At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to The Legal Aid Society, a non-sectarian, not-for-profit organization.

69.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.   No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Plaintiffs' damages expert, Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Co-Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Plaintiffs, Defendants, and their respective counsel, and all other Defendant Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

70.    Please contact the Claims Administrator or Co-Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Claim Form.   If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims-administration process, to decide the issue by submitting a written request.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

71.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses.   Before final approval of the Settlement, Co-Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 33⅓% of the Settlement Fund (which includes interest).   In addition, Co-Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution, and resolution of the claims against the Defendants, in an amount not to exceed $225,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs, including lost wages, directly related to their representation of the Class.   The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.   Such sums as may be approved by the Court will be paid

from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

| **WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS? HOW DO I EXCLUDE MYSELF?** |
| --- |

72.   Each Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Class to:   EXCLUSIONS—*In re Qudian Securities Litigation*, EXCLUSIONS c/o A.B. Data Ltd., P.O. Box 173001, Milwaukee, WI 53217.  The exclusion request must be ***received*** no later than _____, 202_.  You will not be able to exclude yourself from the Class after that date.  Each Request for Exclusion must (a) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Class in *In re Qudian Inc. Securities Litigation*, Case No. 1:17-cv-09741-JFM"; (c) identify and state the number of Qudian ADS purchased or otherwise acquired in or traceable to the IPO that the person or entity requesting exclusion purchased, acquired, and sold, as well as the dates and prices of each such purchase/acquisition and sale; (d) provide adequate supporting documentation for the transactions for which the Class Member seeks exclusion in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Co-Lead Counsel and Defendants' Counsel; and (e) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion shall not be valid and effective unless it provides all the information and documentation called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.  A Request for Exclusion also shall not be valid and effective if it is received by the Claims Administrator after _____, 202_ even if it contains all the information and documentation called for in this paragraph.

73.   If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any Defendants' Releasee.

74.   If you ask to be excluded from the Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

75.   Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Class in an amount that exceeds an amount agreed to by Plaintiffs and Defendants.

| **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?** |
| --- |

76.   **Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

77.   The Settlement Hearing will be held on _____, 202_ at __:__ _.m., before the Honorable Jesse M. Furman in Courtroom 1105, United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.  In light of the ongoing pandemic the Court may choose to hold the Settlement Hearing telephonically or via videoconference, in which case, notice will be provided to the Class on the settlement website, www.QudianSecuritiesSettlement.com.

78.   Any Class Member who or that does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before _____, 202_.  You must also serve the papers on Co-Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before _____, 202_**.

| **Clerk's Office** | **Co-Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court for the Southern District of New York Thurgood Marshall United States Courthouse 40 Foley Square, New York, NY 10007 | Jack I. Zwick, Esq. 225 Broadway, Suite 1440 New York, NY 10007 | Simpson Thacher & Bartlett LLP James G. Kreissman, Esq. Stephen P. Blake, Esq. 2475 Hanover Street Palo Alto, CA 94304 |
|  | Glancy Prongay & Murray LLP Jonathan M. Rotter, Esq. 1925 Century Park East, Suite 2100 Los Angeles, CA  90067 | O'Melveny & Myers LLP Jonathan Rosenberg, Esq. William J. Sushon, Esq. 7 Times Square New York, NY  10036 |
|  |  | Quinn Emanuel Urquhart & Sullivan, LLP Rollo C. Baker IV, Esq. Jesse Bernstein, Esq. 51 Madison Avenue, 22nd Floor New York, NY 10010 |

22

79.   Any objection (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; (c) must include documents sufficient to prove membership in the Class, including the number of Qudian ADS purchased or otherwise acquired in or traceable to the IPO that the objecting Class Member purchased, acquired, and/or sold, as well as the dates and prices of each such purchase/acquisition and/or sale; (d) must state the name, address, and telephone number of all counsel who represent the Class Member, including former or current counsel who may be entitled to compensation in connection with the objection; (e) a statement confirming whether they plan to appear at the Settlement Hearing; (f) the name, address, and telephone number of any counsel that will appear at the Settlement Hearing; and (g) the number of times a Class Member filed an objection in the previous five years and the nature of each objection to each case in which a Class Member filed an objection in the previous five years.  You may not object to the Settlement, the Plan of Allocation, or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Class or if you are not a member of the Class.

80.   You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

81.   If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Co-Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 78 above so that it is ***received* on or before _____, 202_**.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

82.   You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Co-Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 78 above so that the notice is ***received* on or before _____, 202_**.

83.   The Settlement Hearing may be adjourned by the Court without further written notice to the Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Co-Lead Counsel.

84.   **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever**

**foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval of the Settlement.**

| WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF? |
| :---: |

85.     If you purchased or otherwise acquired Qudian ADS in or traceable to the IPO for the beneficial interest of persons or organizations other than yourself, you must either: (a) within ten (10) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within ten (10) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within ten (10) calendar days of receipt of this Notice, provide a list of the names and addresses, as well as email addresses to the extent available, of all such beneficial owners *In re Qudian Securities Litigation*, c/o A.B. Data Ltd. P.O. Box 173114 Milwaukee, WI 53217 .  If you choose the second option, the Claims Administrator will send a Notice Packet to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed $0.20 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet mailed; $0.05 per Notice Packet transmitted by email; or $0.10 per name, address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.QudianSecuritiesSettlement.com, or by calling the Claims Administrator toll-free at 1-877-884-2550.

| CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |
| :---: |

86.   This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse 40 Foley Square, New York, NY 10007. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.QudianSecuritiesSettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*In re Qudian Securities Litigation*
c/o A.B. Data Ltd.
P.O. Box 173114
Milwaukee, WI 53217
1-877-884-2550

and/or
Jack I. Zwick, Esq.
225 Broadway, Suite 1440
New York, NY 10007
(212) 385-1900
jack@zwickfirm.com

Glancy Prongay & Murray LLP
Attn: Jonathan M. Rotter, Esq.
1925 Century Park East, Suite 2100
Los Angeles, CA  90067(888) 773-9224
settlements@glancylaw.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 202_                    BY ORDER OF THE COURT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Exhibit A-2**

***In re Qudian Inc. Securities Litigation***
**c/o A.B. Data, Ltd.**
**P.O. Box 173114**
**Milwaukee, WI 53217**
**Toll Free Number: (877) 884-2550**
**Settlement Website: www.QudianSecuritiesSettlement.com**
**Email:  info@QudianSecuritesSettlement.com**

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of

*In re Qudian Inc. Securities Litigation*, Master File No.: 1:17-cv-09741-JMF (the "Action")

pending in the United States District Court for the Southern District of New York (the "Court")

you must be a Class Member and either (1) complete and sign this Proof of Claim and Release

Form ("Claim Form") and mail it by first-class mail to the above address, **postmarked no later**

**than _____**; or (2) complete and submit a Claim Form electronically on the Settlement

Website, www.QudianSecuritiesSettlement.com, **no later than _____**.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and

may preclude you from being eligible to recover any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the settling parties, or their counsel.**

**Submit your Claim Form only to the Claims Administrator at the address or electronically**

**as set forth above.**

1

## TABLE OF CONTENTS                                    PAGE #

**PART I – CLAIMANT INFORMATION**                          _

**PART II – GENERAL INSTRUCTIONS**                         _

**PART III – SCHEDULE OF TRANSACTIONS IN QUDIAN ADS**      _

**PART IV – RELEASE OF CLAIMS AND SIGNATURE**              _

## PART I – CLAIMANT INFORMATION

(Please read General Instructions below before completing this page.)

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's Name

Co-Beneficial Owner's Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                          State                        Zip Code

Foreign Country (only if not USA)

Last four digits of Social Security Number or Taxpayer Identification Number

3

Telephone Number (home)                                    Telephone Number
(work)

|                                    |                                    |
|------------------------------------|------------------------------------|
|                                    |                                    |

Email address (E-mail address is not required, but if you provide it you authorize the Claims
Administrator to use it in providing you with information relevant to this claim.):

|                                                                          |
|--------------------------------------------------------------------------|
|                                                                          |

Account Number (account(s) through which the securities were traded)[1]:

|                                                                          |
|--------------------------------------------------------------------------|
|                                                                          |

Claimant Account Type (check appropriate box):

☐   Individual (includes joint owner accounts)      ☐   Pension Plan       ☐   Trust

☐   Corporation                            ☐   Estate

☐   IRA/401K                             ☐   Other _____ (please
specify)

---

[1] If the account number is unknown, you may leave blank.  If filing for more than one account
for the same legal entity, you may write "multiple."  Please see paragraph 12 of the General
Instructions for more information on when to file separate Claim Forms for multiple accounts,
*i.e.*, when you are filing on behalf of distinct legal entities.

# PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      This Claim Form is directed to all persons or entities that purchased or otherwise acquired Qudian American Depositary Shares ("ADS") in or traceable to Qudian's initial public offering (the "IPO") on or about October 18, 2017.  All persons and entities that are members of the Class are referred to as "Class Members."

3.      The Action is separate from three other class action lawsuits that were filed on behalf of Qudian ADS purchasers in (i) California Superior Court, San Mateo County, and (ii) New York Supreme Court, New York County, respectively (the "State Court Actions").[2] There has not been, and may not be, a recovery in the State Court Actions.  Moreover, absent a valid exclusion request, approval of the Settlement in this Action will eliminate the ability of any member of the Class to assert Released Plaintiffs' Claims in the State Court Actions or in any other court or forum.  You may not participate in both this Settlement and the State Court Actions.

4.      Excluded from the Class by definition are: (a) (1) persons who suffered no compensable losses; and (2) (a) Defendants; (b) the legal representatives, heirs, successors, assigns, and members of the Immediate Families of the Individual Defendants; (c) the parents, subsidiaries, assigns, successors, and predecessors of Qudian, the Underwriter Defendants, and the Selling Shareholder Defendants; (d) any persons who served as officers or directors of Qudian, the Underwriter Defendants, or the Selling Shareholder Defendants at the time of the IPO; (e) any entity in which any of the foregoing (a)-(d) excluded persons have or had a majority ownership interest at the time of the IPO; and (f) Defendants' liability insurance carriers.  Also excluded from the Class are any persons and entities who or which validly exclude themselves

---

[2] The State Court Actions are: (i) *Song v. Qudian Inc. et. al.* (18CIV01425), filed in the California Superior Court for the County of San Mateo on March 21, 2018; (ii) *Panther Partners Inc. v. Qudian Inc. et. al.* (Index No. 651804/2018), filed in the Supreme Court of the State of New York for the County of New York on April 13, 2018; and (iii) *The Morrow Property Trust v. Qudian Inc. et. al.* (Index No. 653047), filed in the Supreme Court of the State of New York for the County of New York on June 18, 2018.  All of the State Court Actions were subsequently stayed in light of the first-filed Action.  The plaintiffs in the two New York state court actions later moved to lift the stay, which the court denied.  That decision is currently on appeal in the Supreme Court of the State of New York, First Appellate Division.

by submitting a request for exclusion that is accepted by the Court. For avoidance of doubt, any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange-traded funds, fund of funds, and hedge funds, in which any Underwriter Defendant has or had a direct or indirect interest, or as to which its affiliates act or acted as an investment advisor, but of which any Underwriter Defendant or any of its respective affiliates is not a majority owner or does not hold a majority beneficial interest, shall not be deemed an excluded person or entity.

5.      If you are not a Class Member, do not submit a Claim Form. YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A CLASS MEMBER. THUS, IF YOU ARE EXCLUDED FROM THE CLASS (AS SET FORTH IN PARAGRAPH 4 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

6.      If you are a Class Member, you will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT YOU SUBMIT A CLAIM FORM, unless you submit a request for exclusion from the Class. Thus, if you are a Class Member, the Judgment will release, and enjoin the filing or continued prosecution of, the Released Plaintiffs' Claims against the Defendants' Releasees.

7.      You are eligible to participate in the distribution of the Net Settlement Fund only if you are a member of the Class and if you complete and return this form as specified herein. If you fail to submit a timely, properly addressed, and completed Claim Form with the required documentation, your claim may be rejected, and you may be precluded from receiving any distribution from the Net Settlement Fund.

8.      Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

9.      Use the Schedules of Transactions in Parts III–V of this Claim Form to supply all required details of your transaction(s) in and holdings of the applicable Qudian ADS. On the Schedules of Transactions, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of the applicable Qudian ADS, whether such transactions resulted in a profit or a loss. Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.

10.     Please note: To be eligible to receive a distribution under the Plan of Allocation, you must have purchased or otherwise acquired Qudian ADS prior to April 16, 2018, which is the date the lock up period expired.

11.     You are required to submit genuine and sufficient documentation for all of your transactions and holdings of the applicable Qudian ADS set forth in the Schedules of Transactions in Parts III–V of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in Qudian ADS. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR

EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, please do not highlight any portion of the Claim Form or any supporting documents.**

12. Separate Claim Forms should be submitted for each separate legal entity (e.g., a claim from joint owners should not include separate transactions through an account that is in the name of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made through an account in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (e.g., a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

13. All joint beneficial owners must sign this Claim Form.  If you purchased or otherwise acquired Qudian ADS in or traceable to the IPO and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement.  If, however, you purchased or otherwise acquired Qudian ADS in or traceable to the IPO and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner.  The beneficial owner, not the record owner, must sign this Claim Form.

14. Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

> (a) expressly state the capacity in which they are acting;
>
> (b) identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Qudian ADS; and
>
> (c) furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

15. By submitting a signed Claim Form, you will be swearing that you:

> (a) own(ed) the Qudian ADS you have listed in the Claim Form; or
>
> (b) are expressly authorized to act on behalf of the owner thereof.

16. By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

7

17.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing.  This could take substantial time.  Please be patient.

18.     PLEASE NOTE:  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its pro rata share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant, however, calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

19.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, A.B. Data Ltd. by email at info@QudianSecuritiesSettlement.com, or by toll-free phone at (877) 884-2550, or you may download the documents from the Settlement website, www.QudianSecuritiesSettlement.com.

20.     NOTICE REGARDING ELECTRONIC FILES:  Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement website at www.QudianSecuritiesSettlement.com, or you may email the Claims Administrator's electronic filing department at info@QudianSecuritiesSettlement.com.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@QudianSecuritiesSettlement.com to inquire about your file and confirm it was received and acceptable.

**IMPORTANT: PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS  ADMINISTRATOR TOLL FREE AT (877) 884-2550.**

## PART III – SCHEDULE OF TRANSACTIONS IN QUDIAN ADS

Complete this Part III if and only if you purchased/acquired Qudian ADS prior to May 21, 2018.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 11, above.  Do not include information in this section regarding securities other than Qudian ADS.

| **1.  PURCHASES/ACQUISITIONS IN OR TRACEABLE TO THE IPO** – Separately list each and every purchase/acquisition of Qudian ADS in or traceable to the IPO made from after the opening of trading on October 18, 2017 through  and including the close of trading on May 21, 2018.  (Must be documented.) | | | |
|---|---|---|---|
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
|     /     / |  | $ | $ |
|     /     / |  | $ | $ |
|     /     / |  | $ | $ |
|     /     / |  | $ | $ |
| **2.  PURCHASES/ACQUISITIONS OF QUDIAN ADS FROM MAY 22, 2018 THROUGH JULY 27, 2018.** – State the total number of shares of Qudian ADS purchased/acquired from after the opening of trading on May 22, 2018 through and including the close of trading on July 27, 2018. If none, write "zero": or "0." | | | |

| **3.  SALES OF QUDIAN ADS** – Separately list each and every sale/disposition of Qudian ADS that were purchased or otherwise acquired in or traceable to the IPO made from after the opening of trading on October 18, 2017 through  and including the close of trading on July 27, 2018. (Must be documented.) | | | **IF NONE, CHECK HERE** ○ |
|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|     /     / |  | $ | $ |
|     /     / |  | $ | $ |
|     /     / |  | $ | $ |
|     /     / |  | $ | $ |
| **4.  CURRENT HOLDINGS –** State the total number of shares of Qudian ADS currently held that were purchased or otherwise acquired in or traceable to the IPO.  (Must be documented.)  If none, write "zero" or "0." _____ | | | |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED**

*PART VI – RELEASE OF CLAIMS AND SIGNATURE*

*YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON*

*PAGE 10 OF THIS CLAIM FORM.*

I (we) hereby acknowledge that, as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, affiliates, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims (as defined in the Stipulation and in the Notice) against Defendants' Releasees (as defined in the Stipulation and in the Notice), whether served or unserved with any complaint in the Action, and shall have covenanted not to sue Defendants' Releasees with respect to all such Released Plaintiffs' Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Plaintiffs' Claims, either directly, representatively, derivatively, or in any other capacity, against any of Defendants' Releasees.

**CERTIFICATION**

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) certifies (certify), as follows:

1.      that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the Claimant(s) is a (are) Class Member(s), as defined in the Notice and in paragraph 2 on page 5 of this Claim Form, and is (are) not excluded from the Class by definition or pursuant to request as set forth in the Notice and in paragraph 4 on page 5 of this Claim Form;

3.      that I (we) own(ed) the Qudian ADS and have not assigned the claim against the Defendants' Releasees to another or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4.      that the Claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of Qudian ADS and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

5.      that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to

Claimant's (Claimants') claim and for purposes of enforcing the releases set forth herein;

6.      that I (we) agree to furnish such additional information with respect to this Claim Form as Co-Lead Counsel, the Claims Administrator, or the Court may require;

7.      that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

8.      that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

9.      that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it is no longer subject to backup withholding. **If the IRS has notified the Claimant(s) that he, she, or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of Claimant                                            Date

_____

Print your name here

_____

Signature of joint Claimant, if any                         Date

_____

Print your name here

***If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

_____

Signature of person signing on behalf of Claimant        Date

_____

Print your name here

**Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, *etc*.   (Must provide evidence of authority to act on behalf of claimant – see paragraph 14 on page 7 of this Claim Form.)**

## **REMINDER CHECKLIST:**

1. Please sign the above release and certification.  If this Claim Form is being made on behalf of joint Claimants, then both must sign.

2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Please do not highlight any portion of the Claim Form or any supporting documents.

4. Do not send original security certificates or documentation.  These items cannot be returned to you by the Claims Administrator.

5. Keep copies of the completed Claim Form and documentation for your own records.

6. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at (877) 884-2550.**

7. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.

8. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@QudianSecuritiesSettlement.com, or toll-free at (877) 884-2550, or visit www.QudianSecuritiesSettlement.com.  Please DO NOT call Qudian or any of the other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN** _____,          **2020**, ADDRESSED AS FOLLOWS:

*In re Qudian Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173114
Milwaukee, WI 53217

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted if a postmark date on or before _____, 2020 is indicated on the envelope and it is mailed First Class and addressed in accordance with the above instructions.  In all other

cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

Exhibit A-3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE QUDIAN INC. SECURITIES LITIGATION | Master File No.: 1:17-cv-09741-JMF<br><br>Related cases:<br>1:17-cv-09796-JMF<br>1:17-cv-09903-JMF<br>1:17-cv-09875-JMF<br>1:17-cv-09894-JMF |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND
PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING;
AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES
AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:  All persons or entities that purchased or otherwise acquired Qudian Inc. ("Qudian")
American Depositary Shares ("ADS") in or traceable to Qudian's initial public
offering on or about October 18, 2017 (the "Class").**

**PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS WILL BE AFFECTED
BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil
Procedure and an Order of the United States District Court for the Southern District of New
York, that the above-captioned litigation (the "Action") has been certified as a class action on
behalf of the Class, except for certain persons and entities who are excluded from the Class as set
forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement
Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation
Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Plaintiffs in the Action have reached a proposed
settlement of the Action for $8,500,000 (the "Settlement"), that, if approved, will resolve all
claims in the Action.

A hearing will be held on _____, 2020 at __:__ _.m., before the Honorable
Jesse M. Furman in Courtroom 1105, United States District Court for the Southern District of
New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY
10007, to determine (i) whether the proposed Settlement should be approved as fair, reasonable,

1

and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants and the Releases specified and described in the Stipulation and Agreement of Settlement (the "Stipulation") dated November 13, 2020 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Class, your rights will be affected by the pending Settlement of the Action, and you may be entitled to share in the Settlement Fund**. If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *In re Qudian Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173114, Milwaukee, WI, 1-877-884-2550. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.QudianSecuritiesSettlement.com.

If you are a member of the Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* no later than _____ __, 2021. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Class and wish to exclude yourself from the Class, you must submit a request for exclusion such that it is *received* no later than _____, 202_, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court in the Action, and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Co-Lead Counsel's motion for attorneys' fees and reimbursement of expenses must be filed with the Court and provided to Co-Lead Counsel and Defendants' Counsel such that they are *received* no later than _____ __, 202_, in accordance with the instructions set forth in the Notice.

The Action is separate from three other class action lawsuits that were filed on behalf of Qudian ADS purchasers in (i) California Superior Court, San Mateo County, and (ii) New York Supreme Court, New York County, respectively (the "State Court Actions"). There has not been, and may not be, a recovery in the State Court Actions. Moreover, absent a valid exclusion request, approval of the Settlement in this Action will eliminate the ability of any member of the Class to assert Released Plaintiffs' Claims in the State Court Actions or in any other court or forum. You may not participate in both this Settlement and the State Court Actions.

**Please do not contact the Court, the Clerk's office, Qudian, or Qudian's counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Co-Lead Counsel.**

Requests for the Notice and Claim Form should be made to:

2

*In re Qudian Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173114
Milwaukee, WI 53217
1-877-884-2550
www.QudianSecuritiesSettlement.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Co-Lead Counsel:

Jack I. Zwick, Esq.
225 Broadway, Suite 1440
New York, NY 10007
(212) 385-1900
jack@zwickfirm.com

Glancy Prongay & Murray LLP
Attn: Jonathan M. Rotter, Esq.
1925 Century Park East, Suite 2100
Los Angeles, CA  90067(888) 773-9224
settlements@glancylaw.com

By Order of the Court

**Exhibit B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE QUDIAN INC. SECURITIES LITIGATION | Master File No.: 1:17-cv-09741-JMF<br><br>Related cases:<br>1:17-cv-09796-JMF<br>1:17-cv-09903-JMF<br>1:17-cv-09875-JMF<br>1:17-cv-09894-JMF |

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated class action is pending in this Court entitled styled In re Qudian Securities Litigation, Case No. 1:17-cv-09741-JFM (the "Action");[1]

WHEREAS, (a) lead plaintiffs Alan B. Hertz and the Alan Hertz Family 2012 Trust (collectively, "Lead Plaintiffs") and additional named plaintiff Darwin Sutanto (together with Lead Plaintiffs, the "Plaintiffs"), on behalf of themselves and the Class (defined below), and (b) defendants Qudian Inc. ("Qudian"), the Individual Defendants,[2] the Selling Shareholder Defendants,[3] and the Underwriter Defendants[4] (Qudian, the Individual Defendants, the Selling

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated November 13, 2020 ("Stipulation").

[2] The Individual Defendants are Min Luo, Carl Yeung, Lianzhu Lv, Yi Cao, Shilei Li, Li Du, Chao Zhu, Tianyu Zhu, Diana Arias, Yifan Li, Rocky Ta-Chen Lee, and Yahui Zhou.

[3] The Selling Shareholder Defendants are Qufenqi Holding Limited, Phoenix Auspicious FinTech Investment L.P., Wa Sung Investment Limited, Source Code Accelerate L.P., Kunlun Group Limited, Ever Bliss Fund, L.P., and Joyful Bliss Limited.

[4] The Underwriter Defendants are Morgan Stanley & Co. International plc, Credit Suisse Securities (USA) LLC, Citigroup Global Markets Inc., China International Capital Corporation

Shareholder Defendants, and the Underwriter Defendants, collectively, "Defendants" and, with Plaintiffs, the "Parties") have entered into a Stipulation that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, by Order dated _____, ____ (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Class solely for purposes of effectuating the Settlement; (c) ordered that notice of certification of the Class and the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity to exclude themselves from the Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on _____, 2021 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved and (b) whether a judgment should be entered dismissing the Action with prejudice as against Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

---

Hong Kong Securities Limited, UBS Securities LLC, Stifel, Nicolaus and Company, Incorporated, Needham & Company, LLC, and Nomura Securities International, Inc.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.      **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members for purposes of the Settlement.

2.      **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on November  13, 2020 and (b) the Notice and the Summary Notice, both of which were filed with the Court on November 13, 2020.

3.      **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a Class consisting of all persons or entities that purchased or otherwise acquired Qudian American Depositary Shares ("ADS") in or traceable to Qudian's initial public offering (the "IPO") on or about October 18, 2017 (the "Class").  Excluded from the Class are: (1) persons who suffered no compensable losses; and (2)  (a) Defendants; (b) the legal representatives, heirs, successors, assigns, and members of the Immediate Families of the Individual Defendants; (c) the parents, subsidiaries, assigns, successors, and predecessors of Qudian, the Underwriter Defendants, and the Selling Shareholder Defendants; (d) any persons who served as officers and/or directors of Qudian, the Underwriter Defendants, or the Selling Shareholder Defendants at the time of the IPO; (e) any entity in which any of the foregoing (a)-(d) excluded persons have or had a majority ownership interest at the time of the IPO; and (f) Defendants' liability insurance carriers.  For avoidance of doubt, any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange-traded funds, fund of funds, and hedge funds, in which any Underwriter Defendant has or had a direct

or indirect interest, or as to which its affiliates act or acted as an investment advisor, but of which any Underwriter Defendant or any of its respective affiliates is not a majority owner or does not hold a majority beneficial interest, shall not be deemed an excluded person or entity.  [Also excluded from the Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the Class pursuant to request.]

4.      **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as Class Representatives for the Class and appointing Co-Lead Counsel as Class Counsel for the Class.  Plaintiffs and Lead Counsel have fairly and adequately represented the Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.      **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action; (ii) the certification of the Class and their right to exclude themselves from the Class; (iii) the existence and effect of the proposed Settlement (including the Releases to be provided thereunder); (iv) Co-Lead Counsel's motion for an award an attorneys' fees and reimbursement of Litigation Expenses; (v) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (vi) their right to exclude themselves from the Class; and (vii) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all

persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Federal Rule of Civil Procedure 23, due process, the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1, as amended, and all other applicable laws and rules.

6.      **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action) and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class.  The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.      The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.      **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Class Members (regardless of whether or not any Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.  [The persons and entities listed on Exhibit 1 hereto are excluded from the Class pursuant to their request and are not bound by the terms of the Stipulation or this Judgment.]

9.      **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of and elsewhere in the Stipulation relating

thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date.  Accordingly, this Court orders that:

(a)    Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Plaintiffs' Releasees (regardless of whether any such person ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement) shall be deemed to have, and by operation of the final judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims against the Defendants' Releasees, whether served or unserved with any complaint in the Action, and shall have covenanted not to sue the Defendants' Releasees with respect to all such Released Plaintiffs' Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Plaintiffs' Claims, either directly, representatively, derivatively, or in any other capacity, against any of the Defendant Releasees.  [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

(b)    Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and each of their respective heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, trusts, successors, employees, representatives, administrators, executors, trustees, devisees, legatees, estates, affiliates, current and former officers and directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, and any other person or entity legally entitled to bring Defendants' Released Claims on behalf of any Defendant, in that capacity, shall be deemed to have, and by operation of law and the final judgment shall have,

fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against Plaintiffs' Releasees, and shall have covenanted not to sue Plaintiffs' Releasees with respect to all such Released Defendants' Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Defendants' Claims, either directly, representatively, derivatively, or in any other capacity, against any of Plaintiffs' Releasees.  [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

10.     Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12.     **No Admissions** – Neither this Judgment, the Settlement Term Sheet, the Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Settlement Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Settlement Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered against any of Defendants' Releasees as evidence of, construed as, or deemed to be evidence of any presumption, concession, or admission by any of Defendants' Releasee with respect to the truth of any fact alleged by Plaintiffs or the validity of any Claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation or of any liability, negligence, fault, or other wrongdoing of any kind of any of Defendants' Releasees, or in any way referred to for any other reason as against any of Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)    shall be offered against any of Plaintiffs' Releasees as evidence of, construed as, or deemed to be evidence of any presumption, concession, or admission by any of Plaintiffs' Releasees that any of their claims are without merit, that any of Defendants' Releasees had meritorious defenses, or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial;

*provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

13.     **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Co-Lead Counsel that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

14.     Separate orders shall be entered regarding approval of a plan of allocation and the motion of Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment and (b) do not materially limit the rights of Class Members in connection with the Settlement.  Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated and rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of

Plaintiffs, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of October 14, 2020, as provided in the Stipulation.

17.    **Entry of Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2020.


_____
                      The Honorable Jesse M. Furman
                      United States District Judge

10

**Exhibit 1**

**[List of Persons and Entities Excluded from the Class Pursuant to Request]**