UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE QUDIAN INC. SECURITIES LITIGATION | Master File No.: 1:17-cv-09741-JMF<br><br>Related cases:<br>1:17-cv-09796-JMF<br>1:17-cv-09903-JMF<br>1:17-cv-09875-JMF<br>1:17-cv-09894-JMF |

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated class action is pending in this Court entitled styled *In re Qudian Securities Litigation*, Case No. 1:17-cv-09741-JFM (the "Action");[1]

WHEREAS, (a) lead plaintiffs Alan B. Hertz and the Alan Hertz Family 2012 Trust (collectively, "Lead Plaintiffs") and additional named plaintiff Darwin Sutanto (together with Lead Plaintiffs, the "Plaintiffs"), on behalf of themselves and the Class (defined below), and (b) defendants Qudian Inc. ("Qudian"), the Individual Defendants,[2] the Selling Shareholder Defendants,[3] and the Underwriter Defendants[4] (Qudian, the Individual Defendants, the Selling

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated November 13, 2020 (ECF No. 227-1, "Stipulation").

[2] The Individual Defendants are Min Luo, Carl Yeung, Lianzhu Lv, Yi Cao, Shilei Li, Li Du, Chao Zhu, Tianyu Zhu, Diana Arias, Yifan Li, Rocky Ta-Chen Lee, and Yahui Zhou.

[3] The Selling Shareholder Defendants are Qufenqi Holding Limited, Phoenix Auspicious FinTech Investment L.P., Wa Sung Investment Limited, Source Code Accelerate L.P., Kunlun Group Limited, Ever Bliss Fund, L.P., and Joyful Bliss Limited.

[4] The Underwriter Defendants are Morgan Stanley & Co. International plc, Credit Suisse Securities (USA) LLC, Citigroup Global Markets Inc., China International Capital Corporation Hong Kong Securities Limited, UBS Securities LLC, Stifel, Nicolaus and Company, Incorporated, Needham & Company, LLC, and Nomura Securities International, Inc.

Shareholder Defendants, and the Underwriter Defendants, collectively, "Defendants" and, with Plaintiffs, the "Parties") have entered into a Stipulation that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, by Order dated November 16, 2020 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Class solely for purposes of effectuating the Settlement; (c) ordered that notice of certification of the Class and the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity to exclude themselves from the Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, by Memorandum Endorsement dated December 7, 2020, the Court approved dissemination of a revised Notice and Proof of Claim;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on June 8, 2021 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved and (b) whether a judgment should be entered dismissing the Action with prejudice as against Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action,

and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members for purposes of the Settlement.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on November 13, 2020 and (b) the Notice and the Summary Notice, both of which were filed with the Court on November 13, 2020.

3. **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a Class consisting of all persons or entities that purchased or otherwise acquired Qudian American Depositary Shares ("ADS") in or traceable to Qudian's initial public offering (the "IPO") on or about October 18, 2017 (the "Class"). Excluded from the Class are: (1) persons who suffered no compensable losses; and (2) (a) Defendants; (b) the legal representatives, heirs, successors, assigns, and members of the Immediate Families of the Individual Defendants; (c) the parents, subsidiaries, assigns, successors, and predecessors of Qudian, the Underwriter Defendants, and the Selling Shareholder Defendants; (d) any persons who served as officers and/or directors of Qudian, the Underwriter Defendants, or the Selling Shareholder Defendants at the time of the IPO; (e) any entity in which any of the foregoing (a)-(d) excluded persons have or had a majority ownership interest at the time of the IPO; and (f) Defendants' liability insurance carriers. For avoidance of doubt, any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange-traded funds, fund of funds, and hedge funds, in which any Underwriter Defendant has or had a direct or indirect interest, or as to which its affiliates act or acted as an investment advisor, but of which any Underwriter Defendant or any of its respective affiliates is not a majority owner or does not

hold a majority beneficial interest, shall not be deemed an excluded person or entity. Also excluded from the Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the Class pursuant to request.

4. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as Class Representatives for the Class and appointing Co-Lead Counsel as Class Counsel for the Class. Plaintiffs and Lead Counsel have fairly and adequately represented the Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action; (ii) the certification of the Class and their right to exclude themselves from the Class; (iii) the existence and effect of the proposed Settlement (including the Releases to be provided thereunder); (iv) Co-Lead Counsel's motion for an award an attorneys' fees and reimbursement of Litigation Expenses; (v) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (vi) their right to exclude themselves from the Class; and (vii) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the

requirements of Federal Rule of Civil Procedure 23, due process, the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1, as amended, and all other applicable laws and rules.

6. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action) and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7. The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Class Members (regardless of whether or not any Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Class pursuant to their request and are not bound by the terms of the Stipulation or this Judgment.

9. **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of and elsewhere in the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Plaintiffs' Releasees (regardless of whether any such person ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement) shall be deemed to have, and by operation of the final judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims against the Defendants' Releasees, whether served or unserved with any complaint in the Action, and shall have covenanted not to sue the Defendants' Releasees with respect to all such Released Plaintiffs' Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Plaintiffs' Claims, either directly, representatively, derivatively, or in any other capacity, against any of the Defendant Releasees. This Release shall not apply to any person or entity listed on Exhibit 1 hereto.

(b) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and each of their respective heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, trusts, successors, employees, representatives, administrators, executors, trustees, devisees, legatees, estates, affiliates, current and former officers and directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, and any other person or entity legally entitled to bring Defendants' Released Claims on behalf of any Defendant, in that capacity, shall be deemed to have, and by operation of law and the final judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against Plaintiffs' Releasees, and shall have covenanted not to sue Plaintiffs' Releasees with

respect to all such Released Defendants' Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Defendants' Claims, either directly, representatively, derivatively, or in any other capacity, against any of Plaintiffs' Releasees. This Release shall not apply to any person or entity listed on Exhibit 1 hereto.

10. Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12. **No Admissions** – Neither this Judgment, the Settlement Term Sheet, the Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Settlement Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Settlement Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of Defendants' Releasees as evidence of, construed as, or deemed to be evidence of any presumption, concession, or admission by any of Defendants' Releasee with respect to the truth of any fact alleged by Plaintiffs or the validity of

any Claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation or of any liability, negligence, fault, or other wrongdoing of any kind of any of Defendants' Releasees, or in any way referred to for any other reason as against any of Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of Plaintiffs' Releasees as evidence of, construed as, or deemed to be evidence of any presumption, concession, or admission by any of Plaintiffs' Releasees that any of their claims are without merit, that any of Defendants' Releasees had meritorious defenses, or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial;

*provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

13. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the

disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Co-Lead Counsel that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

14. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15. **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated and rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of October 14, 2020, as provided in the Stipulation.

17. **Entry of Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action and to close the case.

SO ORDERED this __8th__ day of _____June_____, 2021.

_____
The Honorable Jesse M. Furman
United States District Judge

**Exhibit 1**

**[List of Persons and Entities Excluded from the Class Pursuant to Request]**

1. Scott Elterman
2. WF Asian Smaller Companies Fund Limited